Parker, C. J.
The claimed in this action was received by the defendant, as the attorney of the plaintiff, upon an execution in his favor, which issued upon a judgment recovered on a recognizance taken by a justice of the peace, the intent and object of which was, to secure to the plaintiff the treble value of certain goods and merchandise stolen from him, and supposed to have been feloniously received by one Andrews, the principal recognizor, who avoided a trial and forfeited his recognizance.
In the case of Vose vs. Dean & al.,(1) it was determined, that a recognizance of this description, entered into before a justice of the peace, is void. The judgment, upon which this money has been received, is, therefore, liable to be reversed; and the present pla.mtiff may be subject to an action by Andrews, to recover back the money paid to him in pursuance of it, or pa'd by any other peí *371 son by his direction * and to his use. He ought, there- [*424] fore, to have the money, to enable him to meet the future demand of Andrews, unless, by some act or agreement of his, the defendant has a right to retain it. The defendant claims to hold it, for the use of certain other persons, who had associated together for the purpose of detecting and bringing to justice persons guilty of larceny or of receiving stolen goods, in pursuance of an agreement made with them by the plaintiff.
The defendant was not himself a member of that association, nor has he paid over the money to them ; but is a mere stakeholder for all beyond his lawful charges and expenditures. He insists, however, that he, being authorized by the plaintiff to pay it over, ought not now to be holden responsible to the plaintiff; who, according to his agreement, has no interest in the money received, beyond what has been tendered to him and brought into court.
We are of opinion that he cannot legally resist the plaintiff’s demand, the money belonging to the plaintiff until the agreement shall be executed. It does not appear that the defendant is legally bound to pay to the members of the association ; nor can they maintain any action against him therefor, after he shall have paid it over to the plaintiff. When it gets into the plaintiff’s hands, the individuals of the association may institute their action ; and then, if the agreement on which they found their claim to the money was a lawful one, they will have a remedy. But the plaintiff has a right to contest the validity of that agreement, with the money in his own hands;† and also to defend against their claim upon the ground, that he is, in fact, the mere trustee of Andrews, who has the right to reverse the judgment against him, and recover back the money.
Here was no assignment of the judgment and execution, but a bare permission to the attorney to pay over to other persons ; which, if executed by the attorney, would have discharged him from the plaintiff’s demand ; but which, not being executed, might be countermanded, leaving the persons, who set up the agreement, to enforce it by action.
* This view of the case renders it unnecessary to de- [*425] cide a question, which is presented by the report, and has been much argued at the bar, — whether the agreement set forth is a legal and valid one. For, if the agreement be unlawful, still the defendant is to be considered an agent only, and the plaintiff may recover the money back before the' agreement is executed by paying over to those who, by the agreement, were to receive it. As that *372 question may come up in subsequent actions, it is not proper to decide it peremptorily now.
But we cannot refrain from expressing our disapprobation of a combination, the effect of which was to procure the commission of a new offence, by throwing temptations in the way of a suspected person, with a view to ascertain the truth of the suspicions. Such conduct is certainly dangerous, as it may induce persons, before innocent, to venture into the course of crimes, from having the facility of committing them presented under the guise of confidence and friendship. And, when the parties concerned in such a combination calculate upon a profitable result to themselves, there is occasion to fear they may not always be governed by discretion and public spirit, alone. Nor is it certain that the testimony, upon which convictions are to be had, will not be contaminated by the desire of gain, when it is one of the motives of such combinations.
The verdict is set aside and a new trial granted.†

 7 Mass. Rep. 280.

 If the agreement had been valid and binding on all the parties, the plaintiff’s demand upon the defendant would have been thereby discharged. Wilson vs. Coupland 5 B. & A. 228. — Farlie vs. Dowton, 8 B. & C. 395. — Caxon vs. Chadley, 3 B. & C. 591 — Wharton vs. Walker, 4 B. & C. 165.

 Vide Chickering vs. Hosmer, ante, 183, and note.