ALBANY,
Feb. 1825.

Ex parte
Chryslin.

---

## *Ex parte* CHRYSLIN.

An appeal to the court of common pleas, from a justice's court, can not be received, unless the forms of proceeding for that purpose, required by the 36th section of the 50 dollar act, (sess. 47, ch. 238,) be strictly complied with.

Thus, if the clause in the appeal bond, required by the act relative to paying the judgment in the justice's court, with interest, &c. be omitted, the appeal cannot be received, nor have the C. P. power to amend the bond.

After they are duly possessed of the cause, they may, however, amend as in ordinary cases.

HICKOK & HAMILTON sued Chryslin before a Justice of the Peace of the county of Onondaga, and recovered judgment against him for $34 99 damages and costs, from which the defendant appealed to the next Court of Common Pleas of that county, gave the proper notice, paid the costs, and gave a bond with a surety approved by the Justice, payable to the plaintiffs, with a penalty of $70, conditioned, after reciting the judgment and that the defendant had appealed, thus: " that if the above bounden Jacob Chryslin shall prosecute the said appeal with all due diligence, to a decision in the Court of Common Pleas, and shall moreover pay to the said Morehouse Hickok & Robert Hamilton the judgment to be rendered on such appeal, with interest thereon, and their,

the said Morehouse & Robert's costs of such appeal, provided costs be awarded against him the said Jacob; or that said Jacob will surrender his body in execution of said judgment to be rendered on said appeal, provided judgment shall be rendered against said Jacob, then, &c. otherwise, &c." On the 15th September last, being within the time required by law, the Justice made due return to the appeal, which, with the bond, was filed in the Clerk's office of Onondaga county. At the last September term of the C. P. of that county, the cause was called upon the appeal, and Chryslin, the appellant, appeared by his attorney; and the appellees appeared by their attorney, and moved the Court to quash the appeal, on the ground that the condition of the bond was defective; which motion was opposed. The Court decided that the condition of the bond did not conform to the statute, &c. The counsel for the appellant then moved to amend the bond; but the Court overruled the motion, and quashed the appeal, though it was agreed by the counsel of both parties, that if the bond was defective, this arose from a mere clerical mistake, and that the appeal was prosecuted in good faith.

*H. Baldwin*, for the relator, now moved for an alternative mandamus, commanding the Judges to vacate the rule quashing the appeal, and proceed to a hearing. He said the only objections raised related to the condition of the bond. The first is, that it omits the clause "to pay the debt or damages recovered before the Justice, together with interest thereon, and costs of such appeal, if such appeal shall not be prosecuted with all due diligence," &c. (Sess. 47 ch. 238, s. 36.) The second is, that the condition should not be in the alternative, to pay the debt or damages and costs, or surrender the body in execution, &c.

The object of requiring the first clause was merely to compel the appellant to appear. He did appear, and the statute was, in this, substantially complied with. As to the second objection, the statute is obscurely worded; but it is supposed the bond is a substantial compliance with it.

But as to both objections, we say it lay exclusively with the Justice to pass upon the validity of the bond. Not only

ALBANY,
Feb. 1825.

Van Antwerp
v.
Newman.

the sureties, but the bond is also to be approved of by the Justice. Such is the fair import of the section in question. The Justice having approved the bond, the matter becomes *res judicata,* and the Common Pleas have no power to call its validity in question.

If, however, the bond was defective, we had a right to amend, not only upon general principles, but on the authority of *Tompkins* v. *Curtiss,* (3 Cowen's Rep. 251.)

The motion was not opposed; but,

*Per Curiam.* The bond was defective. The clause relative to paying the judgment below, with interest, and costs of the appeal, &c. was omitted, which is a material part of the condition required by the statute.(a) This being so, the act is peremptory that the appeal shall not be received. It had no force or effect whatever. (Sess. 47, ch. 238, s. 36.) The Court had no discretion. It seems to be the intention of the legislature that the party shall not be heard on appeal, unless he comply strictly with the terms of the act. The Court below acquired no jurisdiction of the appeal. There is no cause concerning which we can interfere. In this view, they had no power to amend the bond. After being possessed of the cause, they may exercise the ordinary power of amending, as we held in the case cited, of *Tompkins* v. *Curtiss;* but they cannot do this till the cause is before them. The motion must be denied.

Rule accordingly.

(a) Vid. *ante,* p. 61.