Cowen, J.
By the Court, This is an action of debt upon a recognizance for good behavour, entered into by the defendant, as a disorderly person, pursuant to the 1 R. S. 645, 6, 2d ed. § 1, 2. The defendant demurs to the declaration, and several causes of special demurrer are assigned, which are clearly without foundation. The proceedings preliminary to the recognizance, the recognizance itself, and the breach, are very well pleaded, in point of form and the only serious questions arise upon several causes of general demurrer assigned ore tenus, on the argument. We shall not examine all these, because we are clearly of opinion, that the objection to the jurisdiction of the al *48 derman who took the recognizance, is well taken. The second section of the act provides, that upon complaint made to any justice of the peace, (and an alderman is ex officio a justice,) against any person as being disorderly, he shall issue his warrant, cause the offender to be brought before him, &c., and upon its appearing, &c. that he or she is a disorderly person, the justice may require of him or her sureties for good behavour, &c. In default of such sureties being found, the justice is then to make up and file in the county clerk’s office a record of conviction, and, by warrant, to commit the offender to the county jail, there to remain until such sureties be found, or the offender be discharged according to law. Then, by the 6th section, the person so committed to jail, may be discharged by two justices, on giving the required sureties.
*The declaration avers, that on the defendant’s default to find sure- [ *49 ] ties, the justice made up and signed and filed the record of conviction, whereby he did, among other things, order and adjudge that she should be committed to jail, as required by the statute. Whereupon, afterwards, the defendant came before the justice, and entered into the recognizance in suit. We are clear, that after the record of conviction was made and filed, the justice lost all power singly to take the recognizance. The power then devolved upon the two magistrates, mentioned in the 6th section. It is not necessary to say that even they could take the recognizance previous to an actual commitment. It is quite doubtful whether, upon the settled principles of construing statutes, which, like this, authorize summary proceedings in derogation of the common law, there be not a space between the filing of the record and the commitment, when there is no power to discharge, on any terms, if the conviction be regular. At any rate, it is quite clear that the magistrate himself, before whom the conviction takes place has no such power. On the default of the offender to find the sureties demanded, the statute peremptorily prescribes one course, and but one, viz. to make up, sign and file the record of conviction, and issue a warrant of commitment. The only power in him to take the recognizance, precedes the filing of the conviction. On the record being filed, the conviction is perfected ; and the offender is without relief, except by the intervention of the two magistrates, mentioned in the 6th section. Therefore the recognizance is utterly void on common law principles of construction, but especially within the strong and broad language of the 2 R. S. 214, § 60, 2d ed. as not being taken by the officer in a case or in the manner provided by law.
There must be judgment for the defendant, with leave to the people to amend.
Judgment for the defendant.