By the Court,
Beardsley, J.
It is an elementary principle that no proceeding of a court or magistrate of special and limited power will be, held legal, unless competent authority for the purpose is shown. Jurisdiction in such cases is not to be presumed, but must be proved. A general averment of jurisdiction amounts to nothing; but the facts upon which it depends must appear. (Cleveland v. Rogers, 6 Wendell, 438; Lawton v. Erwin, 9 id. 237; Ladbroke v. James, Willes’ Rep. 199; Sollers v. Lawrence, id. 413; Dakin v. Hudson, 6 Cowen, 221.)
The act of a magistrate in letting a person charged with crime to bail, assumes that sufficient cause has been shown, for committing him, that the offence charged is bailable by the magistrate, and that the sureties offered are sufficient. (Barb. Cr. Law, 499, 506 ; 2 R. S. 708 to 710, §§ 13, 20, 21, 25, 29.) Bail in such cases is given by recognizance, and the magistrate’s authority to take it in the particular instance must-appear, or his act will be adjudged void. (Vose v. Dean, 7 Mass. R. 280; Commonwealth v. Loveridge, 11 id. 337; *42 Commonwealth v. Otis, 16 id. 198; The People v. Brown, 23 Wend. 49, referring to 2 R. S. 286, § 59.)
The proceedings which evince such authority, including a statement of the crime charged, must substantially appear in the recognizance. In the case of The State v. Smith, (2 Greenl. 62,) Mellen, Ch. J. said: “ It is settled law that a recognizance should state the grounds on which it is taken, so that it may appear that the magistrate taking it had jurisdiction and authority to demand and receive it.” In The Commonwealth v. Daggett, (16 Mass. Rep. 447,) it was again said: “ It is essential to a recognizance of this kind that it shows the cause of taking it.” (See also Bridge v. Ford, 4 Mass. Rep. 641; Commonwealth v. Downing, 9 id. 520; The People v. Blankman, 17 Wend. 252; The People v. Brown, 23 id. 47; Barb. Cr. Law, 503; Harrington v. Brown, 7 Pick. 234; Waldo v. Spencer, 7 Conn. Rep. 71.) (a) Although the offence need not be stated with the same degree of particularity ’as in an indictment, it must be described with so much certainty as to show the case to be one in which the officer was authorized by law to take bail.
The recognizance may be either to appear and answer what shall be objected against the party, or to appear and. answer the particular charge set out in thé recognizance; (The State v. Stout, 6 Halst. 133, 134; Commonwealth v. M’Neil, 19 Pick. 127; The People v. Stager., 10 Wend. 431; Queen v. Ridpath, 10 Mod. 152;) and it must be filed in the court where the accused is bound to appear. (2 R. S. 710, §§ 32, 33; The People v. Van Eps, 4 Wend. 393; Darling v. Hubbell, 9 Conn. R. 356.) .
In the case now before the court, the recognizance was taken before one of the special justices of the city of New-York. A special justice may let to bail “ in all cases of felony where the, imprisonment in the state prison cannot exceed five years;” (2 R. S. 710, § 29, sub. 3;) and by a subsequent statute his power is extended to all cases triable in courts of general ses *43 sions. (Sess. Laws of 1833, p. 11, § 9; 2 R. S. 593, § 29, sub. 2, 2d ed.) Courts of general sessions may try for “ all crimes and misdemeanors not punishable with death, or imprisonment in the state prison for life.” (2 R. S. 208, § 5, sub. 2.)
The declaration alleges that the accused for whom the defendant became bail was brought before the justice, “ and was on oath in due form of law charged with the commission of a burglary ;” and that thereupon the defendant entered into the recognizance. No other ground for demanding or receiving the recognizance is set forth; and conceding the true interpretation of the declaration to be, that the ground thus stated appears in the recognizance itself, as it should, still the latter is defective. It merely shows that the accused was charged with the commission of a crime; not that there was probable ground to believe him guilty, or any cause for committing him to prison unless bail was given. Simply showing that a party was charged with a crime is wholly insufficient. (2 R. S. 709, §§ 20, 21, 25.)
But there is another objection. The crime charged is burglary, and that is of various degrees; the first .of which is punishable by imprisonment in the state prison for life. (2 R. S. 669, § 21; id. 700, § 12.) The character and grade of the of-fence should therefore have appeared, so as to leave no doubt respecting the authority of the special justice to take bail in the particular case. We are dealing with the act of a magistrate of limited authority; and no intendment is admissible, but his jurisdiction must be affirmatively shown. This rule is without an exception where the object is to uphold and enforce such acts.(b) The defendant is entitled to judgment on the demurrer.
Ordered accordingly.

 See The People v. Rundle, (6 Hill, 506.)

 See Cornell and others v. Barnes, (ante, p. 35,) and note (e) to that case.