CUDDELBACK *et al. v.* PARKS.

In an action of forcible entry and detainer, an appeal bond is necessary as a condition precedent to an appeal.

An instrument with all the other requisites of a bond, is not one, unless signed and sealed by the parties making it.

A recognizance, cannot, after an appeal, be converted into a bond by amendment.

### *Error to Lee District Court.*

*Opinion by* KINNEY, J.   This was an action of forcible entry and detainer, brought before a justice of the peace, in which the defendant in error recovered judgment.   The plaintiffs in error having appealed the case to the district court, the appeal was dismissed for the reason that the appellants had not filed a bond as was required by the statute.

The ruling of the court that the plaintiffs in error could not amend, and the dismissal of the appeal, is the alleged error.

The instrument purporting to be a bond, is in due form, except that it is not under seal, and for this reason the court rejected it.   Was this error?

From the peculiar character and phraseology of our statute in relation to proceedings before justices of the peace, we sometimes find difficulty in giving a construction to its various provisions, which will harmonize with each other, and at the same time preserve the intention of the legislature.   While the legislature in many cases, have attempted to protect the judicial proceedings of justices of the peace, from attacks for the want of form and technical compliance, it often becomes a serious question to ascertain how far the liberality of legislation upon this subject, will sustain these officers in their official blunders.

But in view of all the indulgent statutes that have been passed, for the purpose of sheltering justices of the peace, from the errors which the legislature very properly presumed they would commit, still cases will arise in which

the statute cannot be successfully brought to the rescue. While all these errors for which the statute has provided, should receive the favourable consideration of the court, the courts cannot disregard those material ones, for which the statute has not afforded a remedy.

The statute in relation to forcible entry and detainer, contains provisions peculiar to itself, and the proceedings under it are governed by its own requirements, dissimilar in many respects, to other proceedings before justices of the peace. It provides "that when an appeal is prayed for, as a *condition precedent* to granting the same, the justice shall require such party to enter into *bond* with sufficient security, to be approved by said justice." *Rev. Stat.* 350, § 32. The appeal must be prayed for on the day of trial, and bond must be given within ten days after trial, &c.

Giving a bond by the party appealing is made, by the express language of the statute, a condition precedent to the allowance of the appeal by the justice of the peace; and unless the bond is given, the party is no more entitled to the appeal, than if a bond is tendered after the expiration of the ten days allowed by statute.

The legislature have provided that the party appealing in other cases before justices of the peace, shall enter into recognizance, but they have seen proper to require, in actions of forcible entry and detainer, a bond and in positive terms, have prevented the allowance of the appeal unless the bond shall have been first given. · The statute, from the peculiar nature of the action, is not only much more stringent, but entirely distinct from the one in relation to ordinary cases before justices of the peace. Was the instrument filed in this case, a bond in contemplation of law? Although it may have possessed all other requisites of a bond, it was not one, unless signed and sealed by the parties making it. In the case of the *Steamboat Lake of the Woods* v. *Shaw*, (*a*) this court say, that when the legisla-

(*a*) Ante, page 91.

ture use the word bond, we will presume they mean an instrument under seal. This question underwent an examination in that case, and the court adjudged a recognizance sufficient, only upon the ground, that a law subsequent to the one in relation to boats and vessels, provided, that any person might appeal by entering into a recognizance, &c., differing in that particular from the case before us. We agree with the argument of the counsel, that neither the wax or the scrawl impart any particular virtue to an instrument in point of fact, or that their absence would lessen the security; yet if the statute requires the scrawl to be affixed, courts are not at liberty to dispense with it, although they might otherwise regard it as really unnecessary, and unworthy the age in which we live.

However much we may deprecate the necessity for the distinction in this case, it is no less the duty of this court to declare what the law is, and not what it should be.

As there was not any bond given for the appeal in this case as was required by the statute, the court did not err in dismissing the appeal.

But it is contended, that if the bond was defective, the appellants had the right to amend under the statute. The section relied upon, will be found upon examination to apply exclusively to recognizances, and not to bonds, and has no connection with the statute regulating the action of forcible entry and detainer, it being perfect and complete within itself. We must first declare, that bonds and recognizances are synonymous in their legal signification, and effect before we can extend to the plaintiffs in error the benefit of the statute in relation to other appeals when recognizances have been given.

The district court did not acquire jurisdiction of the appeal, so as to enable the party to amend. There had not been a compliance with the statute, by which alone the court could be possessed of the cause, and the appeal could not receive any more consideration, than if the pretended bond had not been given. Instead of being a defective bond, it was not a bond at all. As giving the bond was

a condition precedent to allowing the appeal by the justice, unless given, the appeal was improperly allowed, and the court could not take jurisdiction so as to permit an amendment or substitution.

In the case of *Ex parte Chryslin*, 4 Cow. 80., it was held, that unless there was a strict compliance with the statute requiring an appeal bond, the court did not acquire jurisdiction of the appeal, and although the bond was *merely defective*, the court refused to entertain jurisdiction for the purpose of allowing an amendment.

In this case, the court are not required to go so far, as there was not any bond filed before the justice, and therefore we are of the opinion that the court did not err in dismissing the appeal.

Judgment affirmed.

*J. C. Hall*, for plaintiffs in error.

*J. M. Beck*, for defendant.