## CLARK v. MILES and another.

1. APPEAL.—Where in taking an appeal from the judgment of a justice of the peace, the party does not fully comply with the statute, it will be dismissed, notwithstanding the statutory security has been given.
2. SAME—RECOGNIZANCE.—Where an appeal is dismissed, the party who brought it, with his sureties in the recognizance, will be immediately liable thereon for the amount of the judgment rendered by the justice. JACKSON & HUBBELL, JJ., *dissenting*. *Love v. Rockwell*, 1 Wis. 382.

(2 *Chand*. 94.)

ERROR to the Circuit Court for *La Fayette* County.

The case was this: *Miles*, one of the defendants in error, undertook to take an appeal from a judgment rendered against him, but in that proceeding neglected to file before the justice the affidavit required by the statute. The justice, nevertheless, allowed the appeal, but the late district court dismissed it

Clark vs. Miles and another.

when brought before that tribunal. An action was then brought by the plaintiff in the judgment, against *Miles* and his surety on the bond given on taking the appeal, and that court rendered judgment against the plaintiff in error, upon the ground that the dismissal of the appeal carried with it and invalidated the appeal bond, and that an action in that case could not be maintained upon it. The writ of error in this case is to procure a reversal of such judgment.

*John K. Williams*, for plaintiff in error.

*J. H. Knowlton*, for defendants in error.

LARRABEE, J.   It appears from the record in this cause that the defendant *Miles* took every step to entitle him to an appeal, with the single exception of filing an affidavit with the justice, as is required by the statute. An appeal was allowed by the justice, and subsequently dismissed by the district court. Thereupon the plaintiff brought his suit in the circuit court, upon the recognizance filed by the defendant, with *Barretto* as surety, and that court rendered judgment against him.

The appeal was properly dismissed in the first instance, as the affidavit was absolutely required by the statute; but the question now presented is, whether that dismissal rendered the recognizance void. We think not. One of the conditions of the recognizance (of which a form is given in the statute) is, that the appellant shall pay the amount of the judgment rendered against him before the justice, including costs of appeal, with interest, in case his appeal shall be dismissed or discontinued.

It was not the fault of the appellee that no affidavit was filed, nor can he be made to suffer for either the negligence of the appellant or of the justice. It was not for him to inquire into the reason for the dismissal of the appeal; he was satisfied that it was dismissed. He had been subjected to delay and expense because of the voluntary action of his antagonist, and it would be harsh indeed to drive him back to

his execution upon the justice's judgment, and thus deprive him of all indemnity for the delay and costs of the appeal.

We regard his right to sue upon the recognizance as perfect from the time of the judgment of the district court.   It was a voluntary security for the payment of the judgment, and once given, could not be withdrawn by the party, nor invalidated by the judgment of the supreme court.[*]

We think, therefore, that the judgment of the circuit court was wrong, and must be reversed.

Judgment reversed.

JACKSON, J., *dissenting.*   I am constrained to dissent in this case from the opinion of a majority of the court.

The simple question arising upon the facts presented is, whether a recovery can be had upon an appeal bond, taken without any authority of law, and under which the party giving it can acquire no legal rights ?

I think the weight of authority, as well as every sound principle of reasoning, is clearly against the right of recovery in such a case.

The following is the provision of the statute in relation to appeals from justices' courts :

" *No appeal shall be allowed in any case,* unless the following requisites are complied with within ten days after judgment rendered, viz. :   " 1. An affidavit shall be filed with the justice before whom the cause was tried, stating that the appeal was made in good faith, and not for the purpose of delay.   2. A recognizance entered into by the party appealing, his agent

---

[*] That a bond not good as a statutory one, is nevertheless binding as a voluntary obligation upon which an action at common law may be maintained, and is not void unless the statute so declares it, is a position well established.   See *Lewis, governor, etc. v. Stout,* 22 Wis., where the principal authorities are collated in the opinion of DIXON, C. J.   But in the case of *Love v. Rockwell,* 1 Wis. 386, the liability of the defendant in a like case, is placed upon the ground o *estoppel.*   The statute required the security on an appeal to be by recognizance and in a form prescribed by it, which recites among other things that *an appeal has been taken,* etc.   R. S. 1849, ch. 88, § 229. And in that case the court held that the defendant was estopped from contradicting such recital, and from alleging that an appeal had not been taken.

or attorney, to the adverse party, in a sum sufficient to secure such judgment and costs of appeal, must be entered into, with one or more sureties, to be approved by the justice."

It is manifest, from this provision of the statute, that, no matter how erroneous the judgment, how perfect the form of the recognizance, or how ample the sureties ; unless the affidavit is made and filed, as required by law, the party aggrieved by the judgment can have no appeal.

The record in this case shows that *no affidavit* was filed with the justice. It also appears from the record that, notwithstanding no affidavit was filed, the justice, in violation of the statute, received the recognizance of the appellant, and allowed an appeal.

When the case was brought before the circuit court, it was dismissed for want of jurisdiction, the court deciding that the appeal, having been allowed by the justice in violation of law, was improperly in the circuit court, and that that court had not acquired, and could not entertain jurisdiction of the appeal. I think that the cause was not properly in the circuit court for any purpose. But it is insisted that although the appeal was illegally allowed, yet that the recognizance was valid. It has been repeatedly held, both in civil and in criminal cases, that recognizances taken without authority of law, and not in compliance with the statutory provisions under which alone they were authorized, are void. *People v. Koeber*, 7 Hill, 39 ; *Bridge v. Ford*, 4 Mass. 641 ; *Vose v. Deane*, 7 Mass. 280 ; *Harrington v. Brown*, 7 Pick. 232 ; *Green v. Haskell*, 11 Shep. 180 ; *People v. Brown*, 23 Wend. 47 ; *Seymour v. Judd*, 2 Comst. 466.

I doubt whether an adjudicated case can be found where a recognizance taken in violation of law, and under which the party who gave it received no benefits and acquired no legal rights, has been enforced.

If, in this case, no motion had been made in the circuit court by the appellee to dismiss for want of jurisdiction ; if the case

had there proceeded to final hearing upon the merits, without objection, and the appellant had had the benefit of his appeal, he might then, perhaps, have been estopped from interposing as a defense to the recognizance that it was taken by the justice without authority. *Van Deuzen v. Hayward*, 17 Wend. 69. According to the decision, however, in the case of *Latham v. Edgerton*, 9 Cow. 227, the appellant would not even then have been estopped from denying the validity of the recognizance.

It is contended that the recognizance ought to be held valid, because the appellee, by reason of its having been received and accepted by the justice, was hindered and delayed in the collection of his judgment. If this be true, whose fault was it? Was it that of the appellant who executed the recognizance, or that of the justice who improperly received it? If the fault of the latter, then, surely the appellant ought not to suffer.

But I think it did not necessarily follow that the appellee was either hindered or delayed in the collection of his judgment. According to the decisions, both in New York and in Massachusetts, in analogous cases, the judgment rendered by the justice remained in full force, and was neither vacated nor suspended by the improper allowance of the appeal. The appeal was a mere nullity. *Ex parte Chrysler*, 4 Cow. 80; *Latham v. Edgerton*, 9 id. 227; *Seymour v. Judd*, 2 Comst. 466; *Campbell v. Howard*, 5 Mass. 377; *Ladow v. Groom*, 1 Denio, 429. It appears to be well settled that jurisdiction of the *cause* does not, of itself, give the justice jurisdiction of the *appeal*. In a case where a justice of the peace has jurisdiction over the parties and of the subject matter, and is, therefore, authorized to render judgment, yet, unless the provisions of the statute providing for an appeal be complied with, the justice has no jurisdiction of the appeal.

The case of *ex parte Chrysler*, 4 Cow. 82, was one of this character. In that case the court say: "It seems to be the intention of the legislature that the party shall not be heard on appeal unless he comply strictly with the terms of the act.

The court below *acquired no jurisdiction* of the appeal. There is no cause concerning which he can interfere." The court also, in the opinion given, further declare that the appeal "had no force or effect whatever."

These positions are strengthened by numerous decisions in the courts of the different states, in cases in some respects of a similar character.

In a late case in Pennsylvania (*The Commonwealth of Pennsylvania for the use of Erie County v. Buel Phillips*) it was held that, as a justice of the peace in Pennsylvania had no power to admit to bail one charged with the crime of arson, a recognizance taken by him for the appearance of the defendant to answer such charge is *coram non judice* and wholly null and void.

Upon the same ground, in the case of the *People v. Koeber*, 7 Hill, 39, the recognizance was held invalid, the justice having no authority by law to take a recognizance in such a case. So in *Olds v. The State*, 6 Blackf. 91, a bond taken by a justice of the peace from a constable, whom he appointed without any legal authority, was adjudged void.

The *People v. Brown*, 23 Wend. 47, was an action of debt upon a recognizance for good behavior entered into by a defendant, as a disorderly person, pursuant to the revised statutes of New York. The defendant having been convicted of the offense and committed, could only obtain his discharge, under the statute, by appearing before *two justices* and giving the required sureties. No exception appears to have been taken to the form of the recognizance. It was held invalid upon the sole ground that, as the statute required the intervention of *two magistrates*, the justice had no power *singly* to take the recognizance."

COWEN, J., in deciding the cause, declares the recognizance "utterly void on common-law principles of construction, but especially within the strong and broad language of the 2 R. S. 214, § 60, 2d ed., as not being taken by the officer in *a case or in the manner* provided by law."

In a case recently decided in the supreme court of New York (*Cadwell v. Colgate et al.*), where an attachment was issued against a non-resident debtor on affidavits which were insufficient to confer jurisdiction upon the officer issuing it, and after a levy made by the sheriff on the property of the debtor, the latter procured its release by executing and delivering a bond with sureties, reciting the issuing of the attachment, and conditioned, as required by statute, for the payment of the debt, with interest, costs, etc., the bond was adjudged to be void.

In view of the facts in the case at bar, of the provisions of our statute in relation to appeals from justices of the peace, and of the authorities which I have cited, I am of the opinion that the plaintiff below ought not to recover, and that the judgment of the circuit court, instead of being reversed, should be affirmed by this court.

HUBBELL, J., *dissenting*.   I concur in the dissenting opinion of my brother JACKSON.   Without an *affidavit* the justice acquired no jurisdiction of the appeal.   Until the affidavit was filed, the recognizance was mere waste paper in his hands. He must be possessed of both to give him authority to allow the appeal, and his assuming to allow the appeal gave no legal effect or vitality to the recognizance.   The whole proceeding towards perfecting the appeal was *coram non judice ;* as much so as if the justice had allowed an appeal without a judgment.

The circuit court, by assuming to " dismiss the appeal," neither gained any jurisdiction over it, nor gave legal effect to the proceedings of the justice or to the recognizance taken as one step towards perfecting an appeal.

There was no appeal before the circuit court to be dismissed. There was a case on its docket not properly there, which should have been struck off.   The judgment before the justice remained perfect, and the parties should have been left to their remedies in that court.