The opinion of the Court was afterwards delivered by
Sedgwick, J.
There are several questions presented to the Court in this case, one only of which is necessary to be determined; and that is, whether the justice of the peace, who took the recognizance, was authorized to take it.
It cannot be necessary to prove, that a ministerial officer can do no valid act, but what he is, either expressly or by * necessary implication, authorized to do. In this case, [ * 283 ] *238 it is not pretended that a justice is expressly authorized to take a recognizance to the party injured, for the treble damages; and we are satisfied that he has no such power by implication.
The statute of 1784, c. 66, <§> 5, enacts that when any person shall be apprehended, charged with the crime of theft, and be admitted to bail, he shall not only recognize to the commonwealth, &c., “ but he shall enter into another recognizance, with sufficient sureties, to the party injured, for treble the value of the articles, which he shall be charged with stealing.” In the case before us, Harris was not apprehended on a charge of the crime of theft, nor charged with stealing; but he was charged with a crime as perfectly distinct from theft, although connected with it, as any other felony is. This, then, is not a case contemplated by the legislature, in which such authority is given to a justice.
Nor is such authority given by the statute of 1783, c. 51, § 1. This act authorizes justices of the peace to hold to bail all persons guilty, or supposed to be guilty, of offences less than capital, which are not recognizable by a justice of the peace. This statute preceded that of 1784 ; and certainly, by authorizing the holding to hail, did not comprehend a power to take a recognizance to the injured party, for his treble damages; a power then never given nor contemplated by the legislature ; hail then being intended merely to secure the appearance of the person charged with a crime., at the court of which the recognizance was to be returned.
It is true, that, by the ninth section of the statute of 1784, the receiver of stolen goods may, before a .conviction of the principal offender, be prosecuted and punished ; and the act declares that 11 on conviction he shall suffer such punishment as the principal offender might have suffered on a first conviction. But this act does not, by any reasonable construction, give an authority to a jus [ * 284 ] tice of the peace to * take a recognizance to the injured party for his treble damages.
On the whole, we are all of opinion that the justice had no legal authority to take the recognizance, on which the original action was brought, and that therefore no action can he supported upon it.
The following judgment was entered by order of Court: —
“ It now appearing to the Court that the recognizance, upon which the judgment complained of was rendered, is null and void, and that the said Vose ought to be restored to all that he hath lost thereby : It is therefore considered by the Court, that the said Deane and Raymond take nothing by their original writ, and -that the said judgment be reversed ; and that the said Vose, the original .defendant, and plaintiff in review, recover against the said Deane and Raymond the sum of-, being what he has originally lost by the said judg *239 men t, with his costs by the said original suit, and his costs upon this suit taxed at-.”
Dexter and Sullivan for the defendants in review.