3   575
44   904

## The State *v.* Sewall.

Where a district judge, before whom a prisoner charged with an offence punishable with more than seven years' imprisonment at hard labor, is brought on a writ of *habeas corpus*, admits him to bail, ordering the surety to be judged of and accepted by a justice of the peace named in the order; the surety, when sued on the bond, cannot exonerate himself from liability on the ground that a justice of the peace could not admit to bail one accused of such an offence.  The prisoner was admitted to bail by the district judge, who was authorized to delegate to his clerk or a justice authority to accept the bond.

APPEAL from the District Court of Caddo, *Campell*, J.   *Barry*, district attorney, for the State.   *Crain*, *Elgee* and *Hyams*, for the appellant.   The judgment of the court was pronounced by

King, J.   C. M. *Sewall*, being in close custody under a charge of having in his possession and of uttering counterfeit bank notes and coin of the United States, was brought before the district judge upon a writ of *habeas corpus*.   The judge admitted him to bail, and ordered " the security to be judged of and accepted by the sheriff of the parish of Caddo, or *J. Clinton Beall*, *Esq.*, justice thereof."   The bond was executed before *Beall*, accepted by him, and returned into court,   The grand jury subsequently found a bill of indictment against *Sewall*,

STATE
v.
SEWALL.

for uttering a counterfeit gold piece, resembling the current coin of the United States. During the same term of the court *Sewall* was called, and failing to appear to answer to the charge, his bond was declared forfeited, and a judgment, *in solido*, rendered against himself and his sureties, for the amount. From that judgment *Hamilton*, one of the sureties, has appealed.

It is contended that, as the offence with which *Sewall* was charged, is punishable with more than seven years imprisonment at hard labor, *Beall*, the justice, was without authority to take bail; and the case of the *State* v. *Hebert*, 10 Rob. p. 41, and the statute of 31 March, 1807, B. and C.'s Dig. p. 530, are relied on, in support of the position.

It is true that justices of the peace are not authorized by the act of 1807, to admit to bail persons charged with offences punishable with death, or with imprisonment at hard labor for seven years or more; and that the crime with which *Sewall* was charged, is punishable with over seven years imprisonment. B. and C.'s Dig. 244, § 14. But the accused was not admitted to bail by the justice of the peace, but by the district judge, who could legally delegate to his clerk, or to a justice of the peace, authority to accept the bond. See case of *State* v. *Jones*, ante p. 9. This act of the justice, in the present instance, was the act of the court.

The case of the *State* v. *Hebert* bears no analogy to the present. In that case, the justice of the peace admitted the prisoner to bail in violation of an express statute. In the present, he was admitted to bail by a competent judge.

*Judgment affirmed.*