STATE
v.
LOUGINEAU.

---

## THE STATE *v.* R. A. WYATT and G. M. NICHOLS.

A magistrate who commits a prisoner, for a bailable offence, until he shall give bond for his appearance, may, afterwards, take the bond. But, perhaps, if he has finally committed him, his jurisdiction has ceased, and the prisoner will have to apply to some tribunal having the right to issue writs of habeas corpus.

A sheriff has no power to bail a prisoner, but may perform the ministerial duty of taking the bond when the magistrate requires it.

A magistrate, in permitting a prisoner to be released on bail, should give a written order to the sheriff, naming and approving the security. But if he approves the bond after it is taken, it is sufficient to bind the surety.

The prohibition against the issuance of process on Sunday, does not extend to criminal cases and a prisoner may be bailed on Sunday.

A judgment which was not signed at the term of the court at which it was rendered, from some oversight, may be signed at the next term of the court, *nunc pro tunc.*

APPEAL from the District Court of Caddo. *Jones*, J. *J. B. Mathews*, district attorney, for the State. *Thomas T. Land*, for the defendants. The judgment of the court was pronounced by

PRESTON, J. *R. A. Wyatt* was accused of larceny, and committed by a magistrate of the parish of Caddo, for the offence. It was a bailable offence, and the magistrate was bound to take sufficient surety for his appearance to answer to the charge, before the district court. Bul. and Cur. Dig. 529. He fixed the amount of the bond at five hundred dollars, which the accused failing to give, with security, he committed him to prison until he should enter into the required bond, or until he was discharged therefrom by due course of law. *George M. Nichols* offered, some days afterwards, to become his security. The magistrate sent word to the sheriff to take the security, which was done, and the prisoner discharged.

The prisoner was prosecuted, by indictment, for the offence; failed to appear and answer the charge; his bond was forfeited; under the act of 1837, and judgment rendered in favor of the State, against him and his security, for the amount of the bond and costs.

It was on Sunday that the magistrate sent word to the sheriff to take the bond; he was not in his office, but on horseback, at the time, and did not approve the bond and security until some days afterwards.

We think that the magistrate, having committed the prisoner only until he should give the bond and security, might afterwards take and approve the bond. It was a bailable offence, and the prisoner was not finally committed. Perhaps,

STATE
v.
WYATT.

if the magistrate had finally committed him, his jurisdiction would have ceased, and he could only have been released by a judge having power to issue a writ of *habeas corpus.* It is unnecessary to decide that question.

It is true, that civil process cannot be issued on Sunday. The principle, or prohibition, does not extend to criminal process. A man in jail should not be kept in prison all day on Sunday, for a bailable offence, if his friends' can induce a magistrate, competent to take security, to do so, and discharge him.

The sheriff had no power to bail the prisoner, but might perform the ministerial duty of taking the bond, when requested by the magistrate.

The magistrate should have named and approved the security, and given a written order to the sheriff, to discharge the prisoner on his executing the bond, but he proves that he sent the message to the sheriff, and it is not for the security to dispute his own sufficiency, which the magistrate subsequently approved.

The proceedings of the magistrate were extremely irregular, in such an important matter, but the bond is most formal, was executed for a legal consideration, and has been forfeited, and judgment rendered upon it in strict conformity to law.

The judgment not having been signed at the term at which it was rendered, from some oversight, was properly signed at the next term of the court. There is no law forbidding this. The district court was fully satisfied by the record, that it should be signed *nunc pro tunc.*

It is ordered that the judgment of the district court be affirmed, with costs.