## STATE v. E. GILBERT.

10 524
51 1406

The securities on a bail bond resisted payment on the ground that the bond did not state the party principal was bound to appear and defend any legal charge against him. The recital and condition of the bond showed that the principal had been arrested and was then in actual custody on a charge of the murder of *John Bryant.* It recited that the principal had been "committed for trial by *A. F. Thompson, Esq.,*" and that on a writ of *habeas corpus* he was brought before "his honor, *R. W. Richardson,* Judge of the 12th Judicial District, who rendered the decree written on the other side of the sheet." The bond concluded with the condition: "Now, therefore, if the said *Gilbert* shall well and truly be and appear, in his own proper person, at the court-house in Monroe, on the 1st Monday of May next, being the next term of the 12th Judicial District Court in and for the parish of Ouachita, and there continue to be and appear, from day to day and term to term, or to be and appear at any other time and place, as contemplated in the decree of court, when ordered by the court, and continue to appear until discharged by the court," etc., etc. *Held:* that it was sufficiently clear that the principal had been bound over for trial upon the charge of the murder of *John Bryant.*

Interlineations made before the bond had been signed does not vitiate it.

Where it appears that the Sheriff was the only Sheriff *de facto,* under color of title, his acts must be held good in controversies between third parties.

When the Judge has determined to admit a prisoner to bail, and fixed the amount of the bond to be given, he may delegate to the Sheriff the power to accept such sureties as are, in his opinion, sufficient. Should any one be aggrieved by his refusal to accept the security tendered, he can then apply to the Judge who is empowered to hear evidence upon the subject.

The power of the Sheriff to release a prisoner, upon his giving the proper securities, may be gathered from the order of the court and the context.

Filing a bail bond in open court, and the order of the Judge to call the parties thereto, may be considered as an approval of the bond by the court.

APPEAL from the District Court of Ouachita, *R. W. Richardson,* J. *Caldwell,* District Attorney. *Ludeling,* for the parish. *Garrett,* for defendant and appellant.

Spofford, J. This record discloses that on the 3d May, 1853, the Grand Jury

of the parish of Ouachita found a true bill of indictment against *Edward W. Gilbert* for the murder of *John Bryant;* that on the 4th of May the District Attorney called up the case, and on the statement of the Sheriff that a warrant had been issued and placed in his hands, also a copy of the indictment and *venire,* and that he had been unable to arrest the defendant, on motion, the court granted leave to the prosecuting officer to have the defendant and his securities called out on their bond, which was done according to law, and they failed to answer.

Thereupon came the sureties, and filed in the case of the *State* v. *Gilbert* the following document, which is styled on the record an answer:

" *L. A. Gilbert, Francis Hasson, J. T. Simmons, Wm. A. Simmons* and *T. W. Phillips,* who are charged as security for defendant in the above entitled case, about being called out on the bond said to be signed by them, show for cause why judgment should not be rendered against them, that

1st. Said bond has not the legal requisites to bind the securities. It does not state that the party principal is bound to appear and defend any legal charge against him.

2d. There are interlineations in the bond, which are material to the validity of the bond, and which have been illegally and improperly made.

3d. *Wm. H. Dinkgrave,* who acted in taking said bond as Sheriff, was not Sheriff at the time he took said bond, never having taken the oath or given bond as required by law, and being ineligible under the Constitution of the State to act as Sheriff.

4th. Said bond is not a judicial bond, not having been taken according to law.

5th. Said bond is not legal, and there was no authorization to the Sheriff to take and approve the securities to said bond. Appearers pray for trial by jury.

The prayer for a trial by jury was granted, to which the District Attorney excepted.

Proceedings on a forfeiture of appearance bonds and recognizances, are summary proceedings, and are ordinarily to be tried without the intervention of a jury. We think the jury should have been refused in this case, more particularly as all the questions involved are questions of law. But as all the evidence comes up before us in the record, we shall review the case as if it had been tried by the District Judge without a jury, and therefore pass in silence the exceptions taken to the mode of interrogating jurors and to the Judge's charge.

As the securities, by their answer, did not delay the cause, we are of opinion that the Judge did not err in permitting it to be filed.

The issues to be tried have been made by the securities themselves, and the discussion must be confined to the points made in their opposition.

I. The first point is that the bond does not bind the principal to appear and defend any legal charge against him. The condition of the bond is, "That whereas the above bounden *Edward W. Gilbert* has been arrested and is now in actual custody on a charge of the murder of *John Bryant,* deceased, and whereas the said *Gilbert* was committed *for trial* by *A. F..Thompson, Esq.,* and on a writ of *habeas corpus* was brought before his honor, *R. W. Richardson,* Judge of the 12th Judicial District Court, who rendered the decree written on the other side of this sheet: now, therefore, if the said *Gilbert* shall well and truly be and appear in his own proper person, at the court-house in Monroe, on the 1st Monday of May next, being the next term of the 12th Judicial District Court in and for the parish of Ouachita, and there continue to be and appear, from day to day and term to term, or to be and appear at any other time and place,

as contemplated in the decree of the court, when ordered by the court, and continue to appear until discharged in due course of law," etc.

It is sufficiently clear that he was bound over for trial upon the charge of the murder of *John Bryant.* This is the only fair and reasonable construction of the bond, and it fully meets the first objection of the sureties.

II. The interlineations were fully accounted for and proven to have been made before the instrument was signed. Indeed this objection seems to have been abandoned.

III. There is no weight in the position that *Dinkgrave* was not Sheriff *de jure.* Conceding that he was not, it is shown that he was the Sheriff, and the only Sheriff *de facto,* under color of title, and his official acts as such are not absolute nullities, but must be held good in controversies between third persons. *Citizens' Bank* v. *Bry,* 3 An., 633; *McInstry* v. *Tanner,* 9 Johnson, 135; *Mason* v. *Dillingham,* 15 Mass., 171.

IV. and V. The fourth and fifth objections will be considered together, as the former is too vague to be noticed, unless explained by the latter.

Under these heads it is contended that the power to approve the sureties on a bail bond in a criminal case is a judicial power, incommunicable in its nature; that the Judge could not authorize the Sheriff to approve the sureties, and, if he could, he did not; that he never approved them himself; and, therefore, that the prisoner was improperly discharged, which is urged as a valid reason for discharging the sureties.

The argument upon this point has been pressed with ingenuity and force, and presents the only serious difficulty in the cause.

But, upon consideration, we are unable to concur in the view of the matter taken by the appellant's counsel.

To decide whether a party accused of crime, is entitled to be admitted to bail, and to fix the amount for which security shall be given before the party is enlarged, require judicial action. But to know whether a man is solvent for a given sum, does not require the exercise of the same learned discretion. We find that, in civil matters, Sheriffs are constantly in the habit of accepting sureties under laws authorizing them to " take bonds;" but laws cannot authorize them to perform judicial functions under the inhibitions of the Constitution.

In fact, from their duties as Tax Collectors and their commerce with the people, Sheriffs have the best possible opportunity to know the pecuniary circumstances of the citizens of their respective parishes.

Upon principle, we see no sound reason why, after the Judge has determined to admit a prisoner to bail, and fixed the amount of the bond to be given, he should not be permitted to delegate to the Sheriff the power to accept such sureties as are in his opinion sufficient. Should any one be aggrieved by his refusal to accept the securities tendered, he can then apply to the Judge, who is empowered to hear evidence upon the subject.

The authorities in our own reports, on the whole, favor this opinion. In the *State* v. *Jones,* 3 An., 15, it was said that " the granting of bail and determining the amount in which parties shall be bound, are judicial acts. These were performed by the Judge in the present instance. The bond being subject to none of the rules peculiar to recognizances, may be validly executed in the presence of such officer of the court or other person as the judge may delegate to *receive* it."

And in the *State* v. *Sewell,* 3 Ann., 576, it was said, " the accused was not admitted to bail by the Justice of the Peace, but by the District Judge, who could

legally delegate to his clerk, or to a Justice of the Peace, authority to *accept* the bond."

It now becomes important to observe what order was rendered by the District Judge in this case upon the hearing of the *habeas corpus.* It is in these words :

"The accused having been brought before me on a writ of *habeas corpus,* praying to be discharged from imprisonment by order of *A. F. Thompson,* Justice, etc., upon a charge of murder of *John Bryant,* or otherwise, that he may be admitted to bail: it is ordered and decreed that the said *Edward W. Gilbert* be admitted to give bond, with good and sufficient security in the sum of twenty thousand dollars, for his appearance at court, in the parish of Ouachita, on the 1st Monday of May next, or elsewhere, if so required by order of said court, at any other time or place, and to be and appear at such times and places, from term to term, until discharged in due course of law.

"It is further ordered that the said bond *be taken* by *Wm. H. Dinkgrave,* Sheriff of the parish of Ouachita, *and in default of the accused giving said bond,* that he be conveyed by said Sheriff to Vernon, in the parish of Jackson, (there being no safe jail in this parish,) and delivered to the Sheriff of said parish, etc.

"Done and signed this 2d day of April, 1853.

R. W. RICHARDSON, Judge."

The return of the Sheriff is endorsed :

"Received the within decree and order of the court on the 2d day of April, 1853, and on the same day, after having *received* a bond from *E. W. Gilbert,* with *L. A. Gilbert, J. T. Simmons, Francis Hasson, W. A. Simmons* and *T. W. Phillips* as security for the sum of $20,000, for his appearance at the 12th Judicial District Court of Ouachita, at the trial of the within named suit, at the May term of said court, and from term to term; discharged the said *E. W. Gilbert* from custody, and return the within bond in court.

Signed,                                   W. H. DINKGRAVE, Sheriff."

The bond is marked "Filed May 2d, 1853."

As we have seen, the indictment was found on the 3d May, and the bond forfeited on the 4th.

The order of the Judge that the bond "be taken" by the Sheriff, when construed in connection with the entire context, we think conferred upon the Sheriff the power of releasing the prisoner as soon as he should give sureties that seemed to him ample for the sum of $20,000.

If any ratification of the bond were required, the filing in open court, and the order of the Judge to call the parties thereto, seem to us to constitute an approval of the same by the court.

As was said in the case of the *State* v. *Wyatt,* it is not for the surety to dispute his own sufficiency.

We are of opinion that the bond was taken according to law, and that the sureties are bound.

The judgment is, therefore, affirmed, with costs.