### THE PEOPLE *v.* MELLOR et al.

RECOGNIZANCE OF BAIL— *defect in proceedings of justice of the peace.* Justices of the peace have jurisdiction to inquire into the truth or probability of a charge of burglary, and to hold persons to bail to answer to such charge upon an affidavit in which the offense is wrongly or defectively stated.

ERROR — *that works no injury*, in a proceeding by *scire facias* upon a recognizance of bail, in the name of the people, whether the suit stands to the use of the county, and is so entitled, is a matter of no consequence to the defendants.

RECOGNIZANCE OF BAIL — *form of.* A bond to the people in the usual form, signed by the parties, and approved by two justices of the peace, is a sufficient recognizance of bail under the statute (R. S. 250).

PRACTICE — *judgment, where some of the defendants are served and others not served.* In a proceeding by *scire facias* upon a recognizance of bail, without service upon all the defendants, judgment may be taken against those who have been duly served with process.

*Error to District Court, Gilpin County.*

THE affidavit on which the proceeding was founded was as follows :

TERRITORY OF COLORADO, } *ss :*
    COUNTY OF GILPIN.

B. T. Wells, being first duly sworn, upon oath, says, that on the morning of the 8th day of January, A. D. 1870, the crime of burglary was attempted to be committed at the Smith & Parmelee Quartz Mill, in the county of Gilpin and Territory aforesaid, by breaking into the mill of said company, and attempting to break into the amalgam room of said company, and by firing a pistol at the person of John Frick, and that he has just reason to believe and does believe that James Feehan and Joseph Cook are guilty of said crime of burglary, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the people of the Territory of Colorado.

B. T. WELLS.

The recognizance as set out in the *scire facias* was in the following form :

Know all men by these presents that we, Joseph Cook and of the county of Gilpin, in the Territory of Colorado, are held and firmly bound unto the people of the Territory of Colorado, in the full and penal sum of $500, lawful money of the United States, for the payment of which, well and truly to be made, we bind ourselves, our heirs, executors, administrators or assigns, firmly by these presents, signed with our hands, sealed with our seals, and dated this 8th day of January, in the year of our Lord one thousand eight hundred and seventy.

The conditions of the foregoing obligation are such that whereas the above bounden Joseph Cook was arrested, and brought before George B. Backus and Samuel H. Bradley, two justices of the peace, in and for the county of Gilpin, aforesaid, on the 8th day of January, A. D.

1870, for examination on the charge of burglary, and whereas, after an examination before the said George B. Backus and Samuel H. Bradley, justices of the peace, as aforesaid, the said Joseph Cook was recognized, and required to give bail in the sum of $500, to secure his appearance at the next term of the district court, in and for the said county of Gilpin, to answer said charge of burglary. Now, if the said Joseph Cook shall personally be and appear before the district court, in and for the said county of Gilpin, on the first day of the next term thereof, to be holden at the court-house, in Central City, in the said county of Gilpin, commencing on the 3d day of May, A. D. 1870, and shall not depart from said court without leave, and shall abide by and obey all orders which the said court may make in the premises herein, until discharged or released from this recognizance, then the above obligation to be null and void ; otherwise, to remain in full force and effect.

In witness whereof, we have hereunto set our hands and seals on the day and year aforesaid.

JOSEPH COOK,    [SEAL.]

WILLIAM WAIN,   [SEAL.]

JOHN MELLOR.    [SEAL.]

Signed, sealed and delivered in }
    the presence of      }

S. H. BRADLEY.

Approved January 8th, 1870.

S. H. BRADLEY, J. P.

G. B. BACKUS, J. P.

The writ was served upon Wain and Mellor only—Cook not found. With other matters, the defendants Wain and Mellor pleaded that the affidavit of Wells, upon which Cook was arrested, was not sufficient, in that it did not charge the offense to have been committed in the night-time, and that it charged an attempt only to shoot one John Frick, and not the fact of burglary ; that the affidavit did not aver that Cook, maliciously and forcibly or willfully and

maliciously, without force, entered the mill ; that it was not averred that Cook entered the mill with intent to commit a felony. To this the people demurred, and, upon argument, the demurrer was sustained.

Mr. CLINTON REED, district attorney, for plaintiff in error.

Mr. L. C. ROCKWELL, *contra.*

HALLETT, C. J. Conceding that sureties in a recognizance may show that the court or officer before whom the recognizance was acknowledged, had no authority in that behalf, the second plea is clearly insufficient. The affidavit upon which Cook was arrested, although defective, as alleged in the plea, may have been sufficient to give the justices jurisdiction to inquire into the truth of the charge. It might have been amended at the hearing, or, if no objection was made by the accused, it may now be assumed that defects therein were waived. In Indiana, where the doctrine is maintained that the authority of the committing magistrate must be affirmatively established, it is expressly held that a defective affidavit may give jurisdiction. *The State* v. *Gachenheimer,* 30 Ind. 63. No question is made as to the sufficiency of the writ, and as the demurrer to it was voluntarily abandoned by filing pleas, probably none is entertained. It is not, therefore, necessary to determine whether these parties may deny a fact solemnly admitted and entered of record in their recognizance, as, that Cook was properly charged with the burglary, and upon due inquiry was required to give bail, for that has not been done in the plea.

There is nothing in the writ to show that the action was brought to the use of Gilpin county, and looking only to the pleadings we find the cause first so entitled in defendants' pleas. The circumstance that the clerk, without authority, had previously entered the case in that way was not an error which the defendants could adopt for the purpose

of defeating the action.    But whether the suit was brought to the use of Gilpin county is a matter of no consequence to the defendants.    The people are plaintiffs, and payment to them will protect the defendants, whatever may be done with the money.  As to the form of the recognizance the case of *Shattuck* v. *The People*, 4 Scam. 477, is decisive, and that judgment may be taken against the defendants served with process, although the principal cognizor has not been served, is equally well settled.    *McFarlan* v. *The People*, 13 Ill. 9.   The demurrer to the second plea should have been sustained, and upon that ground the judgment will be reversed with costs, and the cause remanded for further proceedings, according to the views here expressed.

*Reversed.*