HUNT et al. v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit. September 10, 1894.)

No. 335.

BAIL IN CRIMINAL CASES—DEFENSE TO RECOGNIZANCE—ESTOPPEL.

It is no defense to a recognizance that it was taken and acknowledged before the clerk of the district court, where this was done by order of the district judge, made at the request of the accused, and to secure his speedy discharge.

In Error to the District Court of the United States for the Western District of Missouri.

This was a proceeding by the United States to enforce, by scire facias, a forfeited bail bond against Robert H. Hunt and Hugh C. Ward, the sureties thereon. The district court rendered judgment for the United States, and the defendants sued out a writ of error. This court heretofore affirmed the judgement below (10 C. C. A. 74, 61 Fed. 795), but defendants have now petitioned for a rehearing.

Hugh C. Ward, for the motion.

Before CALDWELL, SANBORN, and THAYER, Circuit Judges.

PER CURIAM. In this case a petition for rehearing has been filed, supported by an elaborate brief, which we have carefully read and duly considered. The chief complaint is that the decision heretofore rendered makes a void contract binding by the application of the principle of estoppel or waiver, which ruling, as counsel assert, "has not the support of a single authority." It is said that as the opinion concedes that there was no statute, state or federal, authorizing the clerk of the United States district court to admit parties to bail, the bail bond in question was absolutely null and void, and could not be validated by any application of the doctrine of estoppel or waiver. There is, as we think, a fundamental error in the line of thought pursued by counsel, in that it is taken for granted that the clerk of the district court admitted the accused to bail. This was not the fact. Besides approving the sureties, the act of admitting an accused person to bail involves the determination of two questions, in the decision of which the officer acts judicially. In the first place, it must be determined whether the offense of which the party stands accused is bailable, and, secondly, what amount of bail ought to be required. The decision of this latter question is always important, as article 8 of the amendments to the federal constitution declares that "excessive bail shall not be required." When an order has been made by the proper officer, allowing bail and fixing the amount thereof, the sureties tendered must, of course, be accepted or approved, and the release of the offender after the sureties have signed the bond is a sufficient approval. But no law of which we are aware requires the sureties to appear personally before the judge, unless they are to become bound by a technical recognizance, such as is entered into in open court, and spread upon the journal of its proceedings. When a bail bond is taken, as in the present case, and the obligation assumed by the sureties is evidenced by their signature to the bond, and not by the court record, it is not essential that they should appear personally before the court or judge. In accepting a bail bond, a court or judge may undoubtedly act upon knowledge of its own, or upon knowledge derived from third parties, as to the solvency of the sureties and as to the genuineness of their signatures. In point of fact they do frequently so act in the interest of personal liberty; and it would sometimes lead to great hardship if they

should act otherwise by requiring sureties to be brought from a great distance, at great inconvenience and expense, to merely sign a bail bond in the presence of the judge. From what has been said, it is manifest that the clerk of the district court did not admit the accused to bail as counsel have erroneously assumed. The district judge discharged each important judicial function in connection with taking bail. He decided that the offense was bailable, and fixed the amount of the bond. He also ordered the clerk to approve the bond when it should be signed by two sureties. This order addressed to the clerk was tantamount to an approval in advance of a bond signed by two sureties whom the clerk might accept as sufficient. We are not prepared to admit that the action taken by the district judge in the matter of thus approving the bond was even irregular; but, conceding that it was irregular, such action was induced by the request of the accused that the bond might be so executed, so as to secure his more immediate release; and, as we have heretofore held, and still think, it was competent for the accused and his sureties to waive the irregularity, and they should be adjudged to have done so.

In conclusion, it is proper to add that we have examined the additional cases cited by counsel in support of the proposition that the bail bond now in suit is null and void, for the reason that it was signed in the presence of the clerk, and not in the presence of the judge. With reference thereto it may be said that the cases cited are generally cases where a person who was wholly unauthorized to take bail for the particular offense assumed to do so on his own motion, and to discharge each judicial function connected therewith, or they are cases where the bail was taken contrary to the provisions of some express statute, which fact was held to render the obligation void. Com. v. Otis, 16 Mass. 198; Chinn v. Com., 5 J. J. Marsh. 29; Dickenson v. State, 20 Neb. 72, 29 N. W. 184; Clink v. Circuit Judge, 58 Mich. 242, 25 N. W. 175; Butler v. Foster, 14 Ala. 323. We think, upon an examination of the cases, that none of the citations in question are in necessary conflict with the views which we have expressed, and the principles upon which we have predicated our decision. The petition for a rehearing is accordingly denied.