[No. 60.  First Appellate District.—September 27, 1905.]

CITY AND COUNTY OF SAN FRANCISCO, Appellant, v. DANIEL HARTNETT, and WILLIAM GIBBONS, Respondents.

ACTION UPON UNAUTHORIZED BAIL-BOND—CHARGE OF CRIME IN POLICE COURT—BOND FIXED BY CLERK—SAN FRANCISCO CHARTER—PENAL CODE.—An action cannot be sustained upon a bail-bond given to secure the appearance of a person accused of the crime of grand larceny in the police court of the city and county of San Francisco, where the amount of the bond was fixed solely by the warrant and bond clerk of that court.  There is no authority given to such clerk by the San Francisco charter to fix the amount of such a bond; and the Penal Code provides a complete scheme for admitting to bail persons charged with crime, under which the order fixing the amount of bail must be made by a court or magistrate.

ID.—BOND ABSOLUTELY VOID.—Where the amount of a bail-bond in a criminal case has been fixed, or the bail-bond has been accepted or approved, by an officer not authorized by law so to do, the bail-bond is absolutely void, and cannot be sustained as a common-law bond.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.  M. C. Sloss, Judge.

The facts are stated in the opinion of the court.

L. F. Byington, District Attorney, and I. Harris, Assistant District Attorney, for Appellant.

Sullivan & Sullivan, for Respondents.

HALL, J.—This is an appeal from a judgment in favor of defendants entered after failure of plaintiff to amend complaint upon order sustaining defendants' general demurrer to the complaint.

The action was brought against defendants as the sureties on a bail-bond given by them to secure the appearance of one Calnan, to answer to the charge of grand larceny in the police court of the city and county of San Francisco.

Respondent, the demurring party in the trial court, urges that the bond sued on is void for the reason (among others also urged) that, as appears by the allegations of the complaint, the amount of the bail was fixed by the assistant warrant and bond clerk, and not by order of a court or magistrate. Appellant contends that the charter of the city and county of San Francisco vests authority in the warrant and bond clerk to fix the amount of bail by persons charged with crime, and also that if this is not so, the bond in suit is nevertheless good as a common-law bond.

Passing the point made by respondent that a charter provision, vesting in the warrant and bond clerk the power to admit to bail, would be unconstitutional, as vesting judicial functions in a ministerial officer (upon which we express no opinion), we are unable to find anything in the charter that gives such clerk the power to fix the amount of bail to be given by persons charged with crime.

Appellant relies upon the provisions of sections 5 and 6 of chapter VIII of article V of the charter.

Section 5, after providing for the appointment of a warrant and bond clerk and three assistants, etc., provides as follows: "The warrant and bond clerk shall indorse upon the bond the time when it was issued by him or when it came into his possession. He may issue bail bonds and appeal bonds when the liability therefor does not exceed two thousand dollars ($2,000.00), and order the discharge from custody of the prisoners for whom these bonds are issued; and he may take cash bail to the extent in any one case of one thousand ($1,000.00) dollars. . . ."

Whatever the framers of the charter meant by the words "He may *issue* bail bonds and appeal bonds when the liability therefor does not exceed two thousand dollars," it is certain that they did not mean by such language to vest the clerk with the power to fix the amount of the bond. The limitation of the amount beyond which he may not "issue" bonds clearly indicates that the amount is to be fixed by some other authority. Otherwise he would have power to

admit to bail in all cases, for, by simply fixing the amount of bail at a sum not exceeding two thousand dollars, he would vest himself with authority to admit to bail in any case, no matter how aggravated or heinous the crime might be.

Section 6 of the same chapter and article contains this provision: "In the matter of fixing bail and ordering the release of prisoners the warrant and bond clerk shall be subject to the judges of the police court," etc.

We do not think that we are justified in holding that this language invests the warrant and bond clerk with authority to fix the amount of bail. It seems rather to have been inserted in the charter *ex industria* for the purpose of making it clear that such power lies with the judges of the police court.

The Penal Code provides a complete scheme for admitting to bail persons charged with crime, under which the order fixing the amount of bail must be made by a court or magistrate. (Pen. Code, secs. 821, 823, 824, 1268, 1269, 1273. 1277.)

We therefore hold that the warrant and bond clerk has no power to fix the amount of bail to be given by persons charged with crime.

Appellant next urges that if it be held that the clerk had no authority to fix the amount of bail, yet the bond may be recovered on as a good common-law obligation.

Undoubtedly a bond is not rendered void by a mere irregularity, such as the failure of sureties to justify, it being held that the justification is no part of the bond, but a matter for the benefit of the obligee only, which he may of course waive.

*Murdock* v. *Brooks,* 38 Cal. 603. is a type of this class of cases. See, also, *People* v. *Shirley,* 18 Cal. 121; *People* v. *Penniman,* 37 Cal. 273; *Moffit* v. *Greenwalt,* 90 Cal. 371, [27 Pac. 296] ; *Carpenter* v. *Furrey,* 128 Cal. 669, [61 Pac. 369]

The only states in which it has been held that a bail-bond given on the order of an officer not authorized to admit to bail is valid at all we believe to be Iowa and Georgia. (*State* v. *Canon,* 34 Iowa, 322; *Dennard* v. *State,* 2 Ga. 137; *Park* v. *State,* 4 Ga. 329; *Jones* v. *Gordon,* 82 Ga. 570, [9 S. E. 782].)

In the Iowa case no authorities are cited, and the matter is disposed of in a few sentences. In Georgia the ruling of

the court seems to be in part founded on a statute peculiar to that state, and the doctrine laid down in the Georgia cases has been discredited in other jurisdictions, and especially by Freeman in his note to *Harris* v. *Simpson,* 14 Am. Dec. 101.

On the other hand, it has been held that where the amount of the bail-bond has been fixed, or the bail-bond accepted and approved, by an officer not authorized by the law so to do, such bail-bond is entirely void, in the following states, viz.: Kentucky, Oregon, Colorado, Massachusetts, Indiana, Texas, New Jersey, Maine, Nebraska, Ohio, Missouri, and other states. (*Commonwealth* v. *Roberts,* 1 Duvall, 199; *Williams* v. *Shelby,* 2 Or. 145; *Rupert* v. *People,* 20 Colo. 424, [38 Pac. 702]; *People* v. *Mellor,* 2 Colo. 705; *Haney* v. *People,* 12 Colo. 345, [21 Pac. 39]; *State* v. *Winninger,* 81 Ind. 51; *State* v. *Russell,* 24 Tex. 505; *State* v. *Kruise,* 32 N. J. L. 313; *State* v. *Young,* 56 Me. 219; *Dickenson* v. *State,* 20 Neb. 72, [29 N. W. 184]; *Harris* v. *Simpson,* 4 Litt. 165, [14 Am. Dec. 101]; *Powell* v. *State,* 15 Ohio, 579; *People* v. *Brown,* 23 Wend. 47; *Gouchman* v. *Lisle,* 15 Ky. L. R. 543.)

In *Williams* v. *Shelby,* 2 Or. 145, a justice without authority took the bail-bond, and the court said: "There was no statute in existence at the time of the proceeding authorizing the justice to take such a bond; therefore it must be treated as void. ([*Vose* v. *Deane,* 7 Mass. 280; *Commonwealth* v. *Otis*], 16 Mass. 199; [*Commonwealth* v. *Loveridge*], 11 Mass. 337; [*People* v. *Brown*], 23 Wend. 47). The circuit court held that although there was no statute then in existence authorizing the taking of this bond by the justice, yet it might be sustained and held valid as a common-law undertaking; that the discharge of the principal for the time being was a sufficient consideration to sustain the promise and agreement entered into. This holding we think cannot be sustained by the authorities; in fact, none have been produced to that effect. Authority has been cited to this effect, that another class of bonds might well be sustained from their form and structure without the aid of statute, such as injunction bonds, replevin bonds, bail-bonds in civil cases, forthcoming bonds, appeal bonds, and all such as are made payable to the beneficiary or interested party. Such have b en held valid at common law, without resorting to the stat-

ute to give them effect, but it is held otherwise in criminal cases.''

In *Rupert* v. *People,* 20 Colo. 424, [38 Pac. 702], the Oregon case just referred to is cited, and the court said: ''The recognizance, therefore, having been taken and approved by an officer without authority is void, both as a statutory bond and as a common-law obligation.''

To the same effect are *Morrow* v. *State,* 5 Kan. 563; *United States* v. *Goldstein,* 1 Dill. 413, [Fed. Cas. No. 15,226]; *Vose* v. *Deane,* 7 Mass. 280; *Commonwealth* v. *Loveridge,* 11 Mass. 337.

In *State* v. *Winninger,* 81 Ind. 51, it is said: ''It is well settled that a bond or recognizance taken by a court without jurisdiction, or an officer without authority, is utterly void.''

In *Benedict* v. *Bray,* 2 Cal. 251, [56 Am. Dec. 332], and *People* v. *Cabannes,* 20 Cal. 529, it was held that a bond exacted by a justice of the peace without authority was void.

In *Commonwealth* v. *Roberts,* 1 Duvall, 199, after holding that a bond taken without authority is void, the court said: ''It is not within the province of courts to invest persons with authority to take bonds and discharge prisoners from custody, from whom the legislature have withheld such authority; nor should courts, by recognizing such as binding on either party, contravene the policy of the commonwealth in designating by law the officers authorized to bind her.''

Inasmuch as the warrant and bond clerk has no authority to fix the amount of bail to be given for the release of persons charged with crime, to hold the bond in this case valid would be for this court, in a measure, to sustain a practice whereby persons charged with crime might be released from custody contrary to the plain mandate of the statute. This we cannot do.

The judgment appealed from is affirmed.

Cooper, J., and Harrison, P. J., concurred.