Cunningham, Judge.
On the 20th day of August, 1907, Joe Thompson was bound over to the district court of Baca County by John Yokum, justice of the peace. Thompson’s bond was fixed by the justice of the peace at $3,000. Being unable to procure a bond, Thompson was committed to the county jail. On the 13th day of September, 1907, the committing magistrate delivered to and filed with the clerk of the district court all the papers pertaining to the preliminary examination of the said Thompson. On October 1st, application was made to the district judge on behalf of Thompson to have the amount of his bail reduced. The judge of the district court on the last mentioned date reduced the bond to $1,500. On June 15th, Joe Thompson, as principal, and the appellants herein as sureties, appeared before the said justice of the peace, Yokum, and entered into a recognizance in the ordinary form, in the sum of $1,500 for the appearance of the said Joe Thompson. On the bond, following the signatures of the five Thompsons, appears the following certificate:
“Entered into, subscribed and acknowledged before me this 15th day of June, 1908, and approved by John Yokum.
“........................J. P.
“......................J. P.”
The above and foregoing facts appear in the complaint in this cause filed on the said bond. It further ap *206 pears from the complaint that the principal, Joe Thompson, absconded, and the bond was duly declared forfeited.
The bond in question was set out in the complaint totidem verbis. To the complaint the defendants filed a general demurrer. There were other grounds in the demurrer, but the same are not seriously pressed by appellants. This demurrer was overruled, and the defendants declining to plead further, judgment was entered against the appellants.
It is the opinion of the majority of the court that the facts involved in this case and in the case of Rupert et al. v. People, 20 Colo., 424, are parallel, and therefore that the rule announced in the Eupert case is controlling in this case. Hence we are bound by the announcement in the Eupert case (page 427) to the effect that,
“The recognizance, therefore, having been taken-and approved by an officer without authority, is void, both as a statutory bond and as a common law obligation. ’ ’
We desire, however, to again call the attention of the legislature to the salutary suggestion made by Mr. Justice Elliott in his dissenting opinion in the Eupert case, found in 20th Colo., 437, and to espress the hope that our legislature may speedily enact a statute which will prevent obligors on bonds of this character from escaping their liability on technical grounds.
The judgment of the trial court will be reversed.