## No. 8158.

### BOTTOM *v.* THE PEOPLE.

BAIL—*Bond Taken by Clerk,* pursuant to an express order of the court fixing the amount and directing that the surety be approved by the clerk, is a valid obligation.

The act of approving the surety is a mere ministerial act, capable of deputation.

*People v. Miller,* 2 Colo. 705; *Haney v. People,* 12 Colo. 245; *Rupert v. People,* 20 Colo. 424; *Thompson v. People,* 23 Colo. App. 205, distinguished.

*Error to Denver District Court, Hon. Charles C. Butler, Judge.*

Mr. MILNOR E. GLEAVES, for plaintiff in error.

Mr. JOHN A. RUSH, District Attorney; Mr. ROBERT H. KANE, Mr. FOSTER CLINE, for defendant in error.

Mr. Justice Allen delivered the opinion of the court:

THIS is an action brought upon a criminal recognizance or bail bond, in the name of The People, against the plaintiff in error, as surety on said bond.

On December 19, 1912, one Thomas N. Fitchard had a preliminary examination before a justice of the peace upon a charge of larceny as bailee. He waived examination and

was bound over to the District Court, the bail being fixed at $2,000.00   In default of bond he was on said date committed to jail.

On December 23, 1912, the District Attorney filed an information in the District Court, charging the said Fitchard with larceny as bailee.   It appears from the record that thereupon or thereafter the District Court, in that case, made and entered the following order:

"At this day it is ordered by the court that this defendant, Thomas N. Fitchard, be let to bail herein on sufficient surety, to be approved by the clerk, in the penal sum of $1,500.00, conditioned for his appearance in this court on the 6th day of January, A. D. 1913, and from day to day, and from term to term thereafter."

Later, in the same case, an order of court was entered containing these words:

"At this day it is ordered by the court that Attorney John T. Bottom be permitted to become surety on the bond of the defendant herein, Thomas N. Fitchard."

On February 27, 1913, the plaintiff in error, the said John T. Bottom mentioned in the foregoing order, together with the defendant and another, went into the office of the clerk of said District Court, which was not in the court room itself, and there, while not physically in the presence of the district judge, signed the bail bond or recognizance.

Upon that bail bond or recognizance the said defendant Fitchard was released.   The said Fitchard did not thereafter come into court to answer the said charge at the time set in said bond, or at any time, but made default. The court accordingly duly forfeited the said bond, and ordered that a *scire facias* issue against the defendant, and said John T. Bottom, surety.

On June 6th, 1913, a *scire facias* was duly issued and served on the plaintiff in error, John T. Bottom, as surety on said bail bond, and the usual proceedings in such cases were then had, resulting in a judgment against plaintiff in error for $1,500.00, the principal sum named in the bond.

The plaintiff in error denies any liability as a surety on

said bail bond, contending that said bond was taken and approved by the clerk of the District Court, and that it is void, upon the ground that said clerk had no sufficient authority to take and approve said bond.

There is no Colorado statute which limits the ordinary common law power of a district judge to take bail, under the circumstances disclosed in this case. The following from Corpus Juris is therefore pertinent:

"Granting bail and fixing its amount is a judicial or quasi-judicial function. The power to take bail is incident to the power to hear and determine, or to commit, and hence it may be stated as a general rule that any court or magistrate that has jurisdiction to try a prisoner in any case has jurisdiction to discharge him, and, a fortiori, to admit him to bail, subject, however, to such regulations or limitations as may be imposed by statute, such as a statute conferring exclusive jurisdiction upon certain courts and judges, or in certain criminal cases, in the matter of hearing and determining applications for bail. Ordinarily a recognizance may be taken either by a court as such or by a judge thereof."

6 Corpus Juris, p. 971, sec. 194.

The case of Ex Parte Doyle, 62 W. Va. 280, 283, 57 S. E. 824, 826, approvingly cited 5 Cyc. 76 in saying:

"Bail rests on common law except as statute controls, and that court has power to bail which has power to try and determine the case. The power is inherent in that court by common law, because it has charge of the accused."

The district judge, in the case at bar, having the power to let the said Fitchard to bail, it remains to be determined whether the judge or court had done all that was necessary to validate the bond here in question, either through the judge personally or by the clerk with lawfully delegated authority, or both.

From the record and the facts as hereinbefore set forth, it appears that the judicial function of allowing bail and fixing the amount thereof was not attempted to be delegated by the judge, but was fully performed by himself.

The clerk did not take and approve the bond until after the judge had thus acted. The clerk's act was in obedience, and pursuant to the order of the judge. It was in compliance with a direction and order of the court.

This act of the clerk was in keeping with many of the duties expected of and performed by a clerk of the court under the orders and directions of the court, which are considered as regular and a lawful authorization in court procedure. In such matters the acts of the clerk in such manner are regarded under the law as the acts of the state through the instrumentality of the clerk effectuating the record as directed by the judge, and are considered and taken to be the official record made by the court.

Under these circumstances it seems to us that the act of the clerk ought to be construed as the act of the judge himself, and be given the same effect and consequence as if the district judge had himself personally taken and approved the said bail bond. We adopt the language, and the rule, of the court in the case of *State v. Satterwhite,* 20 S. C. 536, where it is judicially stated in the opinion:

"In this case the order for bail expressly required that the recognizance 'be entered into and approved by the clerk of said court'; it was in effect, the taking of the recognizance by the judge himself, acting through the proper officer of his court, just as many other acts are done by the clerk, through the directions of the judge, as the acts of the court."

The case of *Hunt v. U. S.,* 63 Fed. Rep. 568, 11 C. C. A. 340, 27 U. S. App. 287, is in point and in harmony with the theory herein followed. The court there said:

"The district judge discharged each important judicial function in connection with taking bail. He decided that the offense was bailable, and fixed the amount of the bond. He also ordered the clerk to approve the bond when it should be signed by two sureties. This order addressed to the clerk was tantamount to an approval in advance of a bond signed by two sureties whom the clerk might accept as sufficient."

The opinion in the *Hunt* case, *supra*, was rendered upon a petition for rehearing, and deals solely with the question confronting us in the present case. There was no statute, state or federal, authorizing the clerk of the United States District Court to admit parties to bail. The sureties in that case contended that the bail bond there in question was void because taken by a clerk, even though he acted under the direction of the court. The original opinion reported in *Hunt v. U. S.*, 61 Fed. Rep. 795, invokes the principle of estoppel, and this was the subject of complaint in the petition for rehearing.

In a *per curiam* opinion denying the petition for rehearing the court bases its decision chiefly upon the ground that the order of the court addressed to the clerk that he approve the sureties was tantamount to an approval in advance by the judge.

In the case of *State v. Sewall*, 3 La. Ann. 575, it was held that the district judge could legally delegate to his clerk, or to a justice of the peace, authority to accept a bond. The bond in that case was accepted, not by the clerk, who is the ministerial officer of the court, but by a justice of the peace who was authorized to act in the matter, and the court held that the act of the justice was the act of the court. If a judge may delegate authority to approve a bond to an officer outside of his court, it seems there is greater reason for holding that he may delegate it to his own clerk, as was done in the case at bar. The case of *State v. Sewall*, *supra*, followed the case of *State v. Jones*, 3 La. Ann. 9, where after argument and consideration the court held that a bond may be executed in the presence of any person designated by the judge.

These Louisiana cases are not in conflict with the general rule, so frequently mentioned in the brief of the plaintiff in error, that a recognizance or bond taken and approved by an officer without authority is void. The Supreme Court of Louisiana did not intend to abrogate such a rule, in the cases cited, for the same court a little later in the case of *State v. Clendennen*, 6 La. Ann. 744, held

that a sheriff had no power to bail the accused, and the bond there was held void, but void for the reason that "there was no order of court fixing the amount of the bond, or directing the sheriff to take it." In the case at bar there is no question but that the necessary or proper order of the court preceded the action of the clerk.

We think that the trial judge was correct in his holding, as appears of record, "that this bond was taken under the direction and supervision of the court."

The bail bond in the case at bar was endorsed by the clerk as follows:

"The recognizance signed by the above named Thomas N. Fitchard, C. L. Fitchard and John T. Bottom, in my presence and filed and approved by me this 27th day of February, A. D. 1913.

                    J. SHERMAN BROWN, Clerk.
              By J. S. BERGEN, Deputy Clerk."

This endorsement merely evidences the physical action of the clerk in taking and approving the bail bond, but it does not negative his authority to do so under the order of the court. It did not make his act any less the act of the court.

In the case of *Bodine v. Comm.*, 24 Pa. St. 69, it was shown that the docket entry of a recognizance was subscribed by the clerk as follows:

"Taken and acknowledged before me, 26th April, 1853.
                    A. COCHRAN, Clerk."

The court in that case said:

"But the record shows that it (the recognizance) was taken in term time, and we presume it to have been the act of the court—the clerk being their instrument only. *Omnia praesumuntur rite esse acta.* Nor do the words, 'taken and acknowledged before me,' and signed by the clerk, negative this presumption, for they were unnecessary words, and may be rejected as surplusage. The Court of Quarter Sessions had power to admit to bail; the recognizance taken was their act, and not the clerk's, and therefore it was valid and not void."

In the *Bodine* case, *supra,* counsel for the surety contended that it did not appear from the record that the court directed the accused to enter into a recognizance or fix its amount, which fact the court did not deny, but nevertheless ruled that the act of the clerk was the act of the court regardless of the clerk's endorsement, if it was done in term time.

In the case of *U. S. v. Evans,* 2 Fed. Rep. 147, an agreed statement of facts recited, among other things, that "in pursuance to the verbal direction of the court, the bond was executed in the clerk's office adjoining the court room." The opinion states that the clerk wrote at the foot of the bond "signed, sealed, and acknowledged and approved by me," and thereto signed his name as clerk of the court. The endorsement did not deter the court from proceeding on the theory that the bond was taken by the court in the exercise of its inherent power to take a recognizance. The court said:

"Here the court had power to take a bail bond and release the defendant; and, while so lawfully in custody before a proper tribunal, he and his sureties executed and filed this bond. It was accepted by the court, or otherwise he could not have been discharged, and after such acceptance and discharge they will not be heard to say that it was not properly acknowledged and approved."

The element of estoppel seems to enter into the above quotation, but only to aid the presumption that the clerk acted under the immediate direction of the court, the case assuming, apparently, that the court could delegate to the clerk the ministerial work of taking and approving the bond, a doctrine quite generally followed.

Concerning the delegation of authority to take and approve bonds, the following appears in Corpus Juris:

"The allowance of bail and fixing the amount thereof are judicial acts, and, in the absence of statute otherwise, the court or judicial officer vested with such power cannot delegate it to another. But, where such power has been exercised by the proper court or officer, the act of taking

and approving the bail bond has been held to be a ministerial act which may be delegated, without statutory authority."

6 Corpus Juris, 982, sec. 209, citing *State v. Gilbert,* 10 La. Ann. 524; *State v. Wyatt,* 6 La. Ann. 701; *State v. Sewall,* 3 La. Ann. 575; *State v. Jones,* 3 La. Ann. 9; *State v. Edney,* 60 N. C. 463.

We think that in the case at bar the court by its order delegated to the clerk the performance of simply a ministerial duty, and that the court had the right to do so under the authorities herein cited, and that such ministerial acts of the clerk are to be deemed as the acts of the court, performed by the clerk for the court, according to the views announced in *Hunt v. U. S., supra,* and *State v. Sewall, supra.*

The Colorado cases cited by the plaintiff in error do not hold contrary to the views herein expressed. The case of *People v. Mellor,* 2 Colo. 705, merely conceded that the sureties in a recognizance may show that the court before whom the recognizance was acknowledged, had no authority in that behalf. In the case of *Haney v. People,* 12 Colo. 345, 21 Pac. 39, the court stated that if bail be taken by a court having no jurisdiction, or by an officer destitute of legal authority, the instrument is void as to both principal and surety, but the court found that the justice of the peace who had approved the bond had power to do so and that the bond was valid. In the case of *Rupert v. People,* 20 Colo. 424, 38 Pac. 702, no question of the authority to delegate the approval of bail bonds, or acts of clerks approving bonds as ministerial officers, arose. The bond in that case was taken and approved by the sheriff under circumstances when bail could be taken and bond approved only by a judge or two justices of the peace. The sheriff in that case acted on his own motion and without any order of court directing him to do so. In the case of *Thompson v. The People,* 23 Colo. App. 205, 128 Pac. 863, the facts were parallel to those in the *Rupert* case,

and the recognizance having been taken by an officer without authority was void.

Had the clerk, in the case at bar, acted on his own motion, and without any preceding order of the court directing his action, a different situation would be presented, which it is not now necessary to discuss, but in which the doctrine announced in the *Rupert* and *Haney* cases might have some application.

We think that the rule that a District Court may delegate to its clerk the authority to perform the ministerial act of taking and approving bail bonds after the court has allowed bail and fixed the amount thereof, is a very salutary one. It does violence to no rule of statutory construction as applied to any statute concerning bail. It eliminates one of the "loopholes of the law" through which a miscarriage of justice may occur. We think that following the rules announced herein would be an adherence to sound principles of law and legal construction and will result in doing justice in the case at bar.

The judgment is affirmed.

Affirmed.

Decision *en banc.*

Mr. Justice Garrigues, Mr. Justice Bailey and Mr. Justice White dissent.

Garrigues, J., dissenting:

DECEMBER 19, 1912, Fritchard was bound over to the District Court upon a felony charge, by a justice of the peace acting as a committing magistrate, who fixed his bail in the sum of $2,000. Failing to give this, he was committed to jail. December 23, 1912, the District Attorney, by leave of court, filed an information against him based upon the preliminary examination. The court fixed his bond at $1,500.00 and entered an order that he be let to bail in that sum upon surety to be approved by the clerk of the court. Defendant remained in jail until February 27, 1913, when an order was entered by the court permitting his attorney, Mr. Bottom, to sign the District Court

bail bond, whereupon Mr. Bottom went to the office of the clerk of the District Court and executed the following bond:

"State of Colorado, City and County of Denver, ss.

People of the state of Colorado against Thomas N. Fritchard, case No. 21,021. In the District Court, Division 5.

Know all men by these presents that we, Thomas N. Fritchard, as principal, and John T. Bottom, as surety, are jointly and severally held and firmly bound unto the people of the state of Colorado in the penal sum of fifteen hundred dollars lawful money of the United States, to be levied upon our and each of our goods, and chattels, lands and tenements, unto the use of the said people, if default be made in the following conditions, which conditions are these:

That if the above bounden, Thomas N. Fritchard, shall personally be and appear at the first division of the District Court of the second judicial district, sitting within and for the city and county of Denver, state of Colorado, on the eighth day of April, A. D. 1913, and from day to day and term to term thereafter, and remain at and abide the order of said court and not depart the court without leave, then and there to answer unto a certain information therein pending against the said Thomas N. Fritchard, for the crime of grand larceny and larceny as bailee, then this recognizance to be void, otherwise to be and remain in full force and effect.

Given under our hands and seals this 27th day of February, A. D. 1913.

                    (Signed)    THOMAS N. FRITCHARD,    (SEAL)
                                C. L. FRITCHARD,        (SEAL)
                                JOHN T. BOTTOM.         (SEAL)

State of Colorado, City and County of Denver, ss.

John T. Bottom, the surety whose name is subscribed to the above undertaking, being duly sworn upon his oath says that he is a resident and realty holder within the said city and county of Denver, and that he is worth the sum specified in the said undertaking as the penalty thereof,

over and above his just debts and liabilities, in property not by law exempt from execution in this state, said property consisting of 1648 Washington street, in the city and county of Denver, value $10,000; encumbrance $2,900.

(Signed)   JOHN T. BOTTOM.

Subscribed and sworn to before me this 27th day of February, A. D. 1913.

J. SHERMAN BROWN, Clerk.
By J. H. BERGEN, Deputy Clerk.

This recognizance signed by the above named Thomas N. Fritchard, C. L. Fritchard and John T. Bottom, in my presence, and filed and approved by me this 27th day of February, A. D. 1913.

J. SHERMAN BROWN, Clerk.
By J. H. BERGEN, Deputy Clerk."

Defendant was then released, but failing to comply with the conditions of the bond, it was forfeited and *scire facias* issued against Bottom. The defense was, that the bond was void because not taken by an authorized person. It was stipulated on the trial of the *scire facias,* that the bond was taken by the clerk in the clerk's office; not in the court room, nor in open court, nor in the presence of the judge.

Sec. 245, R. S. 1908, provides that no attorney at law shall become surety in any bond or recognizance for the appearance of any person charged with a public offense without the consent of a judge of the district first had, approving said surety.

Sec. 1932 makes judges of the Supreme Court and of the District Courts, and justices of the peace, committing magistrates with power to bind over to the District Court.

Sec. 1938, provides for the issuing of a warrant by any judge or justice of the peace who shall, after hearing the evidence, either commit the accused to jail, admit him to bail or discharge him. The recognizance, if taken, shall require the accused to appear on the first day of the next term of the District Court, or if that court is in session, then on some day of the term to be designated.

Sec. 1942, provides that if the accused fails to give the

bail at the time of the preliminary hearing and is committed for want of good and sufficient bail, the magistrate shall endorse on the warrant of commitment in what sum bail ought to be taken, then after that any two justices of the peace, or any judge, may take such bail in vacancy, that is, when the District Court is not sitting, as provided in section 1934.

Sec. 1944, then provides the manner in which the recognizance shall be taken; it shall be taken to the people and be signed by the persons entering into the same, and certified by the magistrate or person taking it, who must then deliver it to the clerk of the District Court on or before the day mentioned therein for the appearance of the accused. Showing clearly that these sections relate to bind over proceedings to the District Court conducted by judges or justices of the peace, sitting as committing magistrates. The section then provides that recognizances taken in courts of record need not be so signed, meaning of course, an open court recognizance.

Sec. 964, provides that the District Attorney shall file an information against the accused who has had a preliminary examination and been bound over by the examining magistrate.

Sec. 1969, provides that the clerk of the District Court shall issue process of capias directed to the sheriff for the arrest of the person informed against, and makes it the duty of the sheriff to arrest the person therein named and let him to bail and return the recognizance to the clerk who issued the capias. When the District Attorney files the information, section 1947 provides that the court shall make an order fixing the amount of the bail, which the clerk must endorse on the process, and the statute says the sheriff who arrests the person—not the clerk—shall let him to bail in the sum specified on the process, and the bail bond shall be signed by the persons entering into the same. This is a signed bail bond, as distinguished from an open court recognizance.

These sections apply to all informations alike, whether

the accused has had a preliminary examination or not, or whether he is at large or in jail. In *People v. Eberlie,* 60 Colo. 209, 152 Pac. 146, it is said:

"When an information is filed in the District Court, the statute makes it the duty of the court to enter an order fixing the amount of bail—to be endorsed on the process— and the clerk of the court is directed to issue process of capias for the apprehension of the defendant. The statute providing for the issuing of a capias, and the endorsement thereon of the amount of bail, and letting the accused to bail, makes no exception of cases in which the defendants have had a preliminary hearing, but applies alike to all informations."

When the District Attorney filed his information and the court entered the order fixing the amount of bail, and the clerk issued the capias, and placed it in the hands of the sheriff, with the amount of bail endorsed thereon, the magistrate's order endorsed on the warrant of commitment had served its purpose and defendant was under another jurisdiction. The bail attempted to be taken in the District Court was not the magistrate's bail, but that fixed by the order of the District Court.

2. A bond or recognizance taken and approved by an officer of court in a criminal case who has no statutory authority to take nor approve such a bond, is void both as a statutory bond and as a common law obligation.

*People v. Mellor,* 2 Colo. 705; *Haney v. People,* 12 Colo. 345-349, 21 Pac. 39; *Rupert v. People,* 20 Colo. 424-427, 38 Pac. 702; *Thompson v. People,* 23 Colo. App. 204-206, 128 Pac. 863; *State v. Caldwell,* 124 Mo. 509, 28 S. W. 4; *San Francisco v. Hartnett,* 1 Cal. App. 652, 82 Pac. 1064; *Territory ex rel. v. Woodring,* 15 Okl. 203, 82 Pac. 572, 1 L. R. A. (N. S.) 848, 6 Ann. Cas. 950.

3. The next proposition is equally well settled. The clerk of court has no authority to take a bail bond in criminal cases unless so authorized by statute, and if taken by him in the absence of such authority, is void; further, it is impossible without statutory authority, for the court

to confer any such power upon the clerk, and any order made by the court that the clerk approve the bail bond, unless the statute authorizes it, is void.

6 C. J. 981, § 207; 3 R. C. L. §§ 24, 25; 3 A. & E. Enc. of Law (2d Ed.), p. 659; *Morrow v. State*, 5 Kan. 563; *State v. Caldwell*, 124 Mo. 509, 28 S. W. 4; *State v. Winninger*, 81 Ind. 51; *Dickenson v. State*, 20 Neb. 72, 29 N. W. 184; *Territory ex rel. v. Woodring*, 15 Okl. 204, 82 Pac. 572, 1 L. R. A. (N. S.) 848, 6 Ann. Cas. 950; *San Francisco v. Hartnett*, 1 Cal. App. 652, 82 Pac. 1064. In 6 C. J. at page 981, § 207, it is said:

"As to clerks of courts it may generally be stated that they have no inherent power to take bail, and can do so only by virtue of some statutory enactment, and this is true even though they are deputized by the court or a judge thereof, for, in the absence of a statute permitting it, courts cannot delegate such power to their clerks. And where bail is taken by a clerk without legal authority, a subsequent approval by the court does not validate it."

In 3 R. C. L., secs. 24 and 25, p. 23, it is said:

"While there is a difference of judicial opinion as to the right of the legislature to grant the power to allow bail to a clerk of court, the authorities uniformly hold that this office has no such power inherently, and unless it is conferred upon him expressly by statute, a bond entered into before him in a criminal case is void. The court cannot delegate its authority to take bail to the clerk."

In 3 A. & E. Enc. of Law (2d ed.), p. 659, the rule is stated:

"There is no inherent power in the clerk of a court to take bail, and he cannot, in the absence of a statute, be delegated so to do by the court."

4. We have no statute authorizing the clerk to take and approve bail bonds in criminal cases. That power is conferred by statute exclusively upon the sheriff. The clerk's statutory duty was to endorse the amount of bail fixed by the court upon the capias, and deliver it to the sheriff, whose duty it was to take the bail bond and deliver it to

the clerk for filing in his office. Section 1946, C. J., p. 971, cited in the majority opinion, applies to open court recognizances, not to a bail bond like this. In criminal cases any court of record or court that has jurisdiction to try the defendant, has inherent power to admit him to bail. Such a technical recognizance is not written nor signed. It is entered into orally in open court before the court, and is called an open court recognizance. The obligors appear at the bar of the court, and acknowledge themselves to owe and be indebted unto the people in a stipulated sum, upon certain conditions named. Neither the clerk nor sheriff has anything to do with the execution of such a bond. The clerk enters what took place before the court in the minutes, spreads it upon the journal of the day's proceedings and it becomes a part of the court record. Nothing of that sort was done in this case. The court entered two orders only, in this matter. The first, December 23, 1912, which provides that defendant be let to bail in the sum of $1,500.00 with surety to be approved by the clerk. The next, February 27, 1913, when Mr. Bottom appeared in court and asked permission to sign the bond. There are no other orders. There was no attempt by any one to enter into an open court recognizance, and the court took no such recognizance.

The only court officer authorized by statute to take the bond, was the sheriff, and the court exceeded its jurisdiction when it directed the bond to be taken by the clerk. The only power to admit to bail possessed by the court itself, was by an open court recognizance, which power was not exercised. We have neither an open court recognizance, nor a bail bond taken by the sheriff, so we must of necessity eliminate from the case both these methods of taking bail. What then do we have? Whether the majority opinion holds that the bond was taken by the judge as distinguished from the court, I cannot tell. If so, the answer to such a contention is that the record shows that the bond was not taken by the judge, but by the clerk. I have no way of contending against a wrongful statement

of the record, except to say that there is no such record. If it be conceded that a judge, as distinguished from the court, has such power, the record shows he did not exercise it and did not take this bond. If he had endeavored to do so, it would have been necessary for the principal and surety to execute the bond before him personally, and it then would have to be filed with the clerk the same as a bond taken by the sheriff. I have stated in full all the record in this matter so that it cannot be contended with any truthfulness that the judge took this bond.

5. The first court order simply fixed the amount of bail with the direction that the surety be approved by the clerk. The second court order is in the following language

"No. 21021. *People v. Thomas N. Fritchard.* At this day it is ordered by the court that Attorney John T. Bottom be permitted to become surety on the bond of the defendant herein, Thomas N. Fritchard."

Bottom belonged to a prohibited class, and this order simply removed the disability created by the statute on account of his being an attorney. When that was removed, he became competent and stood upon the same footing as any other prospective surety. He had to possess the proper qualifications of a surety, and go before the proper court officer to sign the bond like any other surety. The court did not pass upon his qualifications nor order that he be accepted as a surety. It simply removed the disability and placed him in the competent class to sign the bond. Before that he was incompetent, no matter what his qualifications. If the court ordered the clerk to take and approve Bottom as a surety on the bond, why did the clerk make him qualify?

It was admitted on the trial that this bond was signed in the clerk's office, away from the court room, away from the judge and not in open court; that Bottom went to the clerk's office, and the clerk took the bond the same as he would take any other bond. This was a void act of the clerk because without authority of law and the bond was void. Being void, there could be no liability upon it.

I am authorized to state that Chief Justice White and Mr. Justice Bailey concur in the views herein expressed.

Decided February 5, A. D. 1917.   Rehearing denied May 7, A. D. 1917.