<div style="text-align: right;">THOMPSON<br>v.<br>TOURIAC.</div>

plaintiff does not contend that the vendee violated the contract before *Julienne* became thirty years of age, (C. C. 185,) that is, until the 3d July, 1856.

The condition under which the defendants' ancestor acquired and held *Julienne* is : " qu'elle donnera la liberté à la dite négritte sitôt que faire se pourra, et qu'elle fera tout ce qui sera en son pouvoir pour faire passer à la dite *Julienne* un acte de liberté en bonne et due forme en remplissant toutes les formalitiés préscrites par la loi à ce sujet."

As we do not find that the defendants or their author have been in default with regard to this their undertaking, and as we cannot say that it never will be possible at a future day for them to give *Julienne* her liberty, the plaintiff has no ground at present for demanding a resolution of the sale.

The defendants cannot prescribe against their own title, or change the nature and origin of their possession. C. C. 3480, 3481. As intimated in the case of *Julienne* v. *Touriac,* if it should become legally possible hereafter for the defendants to emancipate her, they would be bound under their contract to do so, and the present judgment should be no bar.

We, therefore, think the judgment of the District Court should be changed from a final judgment in favor of defendants to one of nonsuit.

It is, therefore, ordered and decreed, that the judgment of the District Court be reversed ; and it is now ordered and decreed, that there be judgment in favor of defendant and against the plaintiff, as in a case of nonsuit, the plaintiff paying costs in the court below and the defendant those of this appeal.

---

## M. MIAHLE *v.* G. G. FOURNET.

<div style="text-align: right; border: 1px solid;">13 607<br>51 1407</div>

When a warrant is drawn by those who are *de facto* directors of the public school of a particular district, the treasurer, upon whom it is drawn, cannot set up as a defence that the directors were not elected, and had not qualified as directors.

The 11th section of the Act of the Legislature, organizing free public schools, which requires that the warrant drawn for the salary of any teacher should be accompanied by a statement of the number of children taught, &c., is directory, and was not intended to be a necessary adjunct of the warrant, without which it could not be paid.

The exaction of extra compensation by the teacher, from the parents of children, is a good ground of complaint to the directors, but does not constitute a defence to the payment of the warrant drawn by them.

APPEAL from the District Court of the Parish of St. Martin, *Voorhies,* J.

C. H. & E. *Mouton,* for plaintiff and appellant. *DeBlanc & Fuselier,* for defendant.

COLE, J. This suit is instituted to recover of the defendant, in his capacity of Treasurer of the parish of St. Martin, six hundred and six dollars, the amount of a warrant executed in favor of plaintiff by the directors of the public school of the Sixth District of the parish of St. Martin, for his services as teacher therein, from the 3d of December, 1855, to the 2d of January, 1857.

The jury rendered a verdict for two hundred dollars, and from the judgment thereon, plaintiff has appealed.

The services of plaintiff were fully proved on the trial ; there was no attempt to show, that the amount of the draft exceeded the legal compensation due plaintiff for the number of scholars taught by him.

The defence of the Treasurer to the action is :

1. "Because those who subscribed and delivered it were never elected, and, if elected, never qualified, as directors of the schools of the Sixth District."

The drawers of the warrant were *de facto* directors, and recognized as such ; the treasurer would have been justifiable in paying the warrant, for it would have been a valid voucher for the payment of the money represented by it.

2. "The warrant, when presented to him, was not in the form prescribed by law."

He contends, that the 11th section of the Act to organize free public schools in the State of Louisiana,"(Sess. Acts, 1855, p. 424,) requires, "that each warrant, drawn for the salary of any teacher, shall be accompanied by a statement of the directors, showing the number of schools in the district, the number of children taught, the number of children who do not attend school, and the monthly rate of compensation to the teacher."

This section is directory ; the statement of the directors is not intended to be the necessary adjunct of the warrant, without which it could not be paid. The object of the section is to enable the treasurer to make his report to the State Superintendent of Public Education.

The 9th section of said Act provides, " that the money which may be received by the several Parish Treasurers, shall be held by them, and paid out to the various school districts upon the warrant of a majority of the school directors in each district."

It is the 9th section which designates the person who is to pay the warrants for money due the teachers of the Public Schools ; and orders the Parish Treasurers to pay them when drawn by a majority of the School Directors in each district ; the statement detailed in the 11th section is not therein mentioned as necessary.

3. "That plaintiff is not entitled to any part of his claim, because he did not keep a public, but a private school."

It appears, plaintiff endeavored to get the extra compensation of one dollar per month, beyond the amount allowed by the law, for each scholar.

There is only one witness who testifies, plaintiff would not teach his children, unless upon payment of the additional compensation.

This would be a good ground of complaint to the directors ; but as the parties interested did not pursue their proper remedy for redress, it is too late now to object to the payment of the warrant on such a ground as this.

It is, therefore, ordered, adjudged and decreed, that the verdict of the jury and the judgment of the court be avoided and reversed ; it is further ordered and decreed, that plaintiff recover of defendant six hundred and six dollars, with five per cent. interest thereon per annum, from the 3d of January, 1857, till paid, and the costs of both courts.