No. 2466.—STATE OF LOUISIANA v. JOHN L. LEWIS, Judge of the Eleventh Judicial District of the State of Louisiana.

<div style="float:right">22 33<br>51 1407</div>

In a contest for office under the Intrusion Act, a Parish Judge may, *pro hac vice*, when acting in the place of the District Judge recused, exercise all the powers conferred on District Judges by the Intrusion Act.

The capacity of a public officer to perform the duties of his office can not be inquired into collaterally.

If the evidence shows that a District Judge has, prior to the late war, taken an oath as a member of a State Legislature or other public office of any State, to support the Constitution of the United States, and that after the breaking out of hostilities he has violated his oath by active participation in the rebellion, his right of office and his eligibility to hold the same may be tested by proceedings in the courts in the name of the State, under the Intrusion Act, and the prohibitions contained in the fourteenth amendment to the Constitution of the United States will, in this proceeding, be enforced against him.

The issuing of a second commission by the Governor to a public officer will not cure his ineligibility under the first commission.

APPEAL from the Eleventh Judicial District, Parish of Claiborne. *Scott*, Parish Judge. *N. J. Sandlin*, District Attorney, and *Henry Gray* and *L. B. Watkins*, for plaintiff and appellee. *J. C. Egan*, for defendant and appellant.

TALIAFERRO, J. This suit is brought under the " Intrusion Act," against John L. Lewis, claiming the right to exercise the duties of the office of District Judge of the Eleventh Judicial District of the State. The case was tried before the Parish Judge of the parish of Claiborne, acting in place of the District Judge, recused. There was judgment against the defendant, divesting him of the office he claims, and he prosecutes this appeal.

We will first examine the motion to dismiss the appeal. The ground taken is, that the appeal was not brought up within ten days from the time of the rendition of the judgment, as required by law. The appellant is clearly not in fault. The law does not require vain or impossible things to be done. The order of the judge *a quo* fixing the

return day at a period extending beyond ten days was necessary, under the circumstances, for making out the .transcript and transmitting it the distance it had to be sent, at a .time when intercommunication is slow and difficult. The motion to dismiss is overruled. See 12 An. 825; 13 An. 175 ;. 21 An. 289.

Several exceptions were filed by the defendant, which it becomes necessary to examine..

*First*—That N. J. Scott, before .whom the case was tried, is not Parish Judge.

*Second*—That Parish Judges have no warrant of law to try causes in chambers.

*Third*—That this case, having been instituted against the defendant when he was acting as judge under his first commission, it can not be maintained now, as he exercises the duties of his office under and by virtue of a commission subsequently conferred upon him.

.*Fourth*—That N. J. Scott was never required, as Parish Judge, to ·try the present case, and that he was never recognized by the District Judge as.being Parish Judge.

It appears that N. J. Scott performs the duties of the office of Parish Judge of the parish of Claiborne. His capacity and right to perform these duties can not. be inquired into collaterally. Whatever functions or powers District-Judges are invested with under the Intrusion Act, Parish Judges may exercise *pro hac vice* when acting in place of the District Judge recused. If ineligible under the first commission, the defendant is equally so under the second, unless subsequent to the date of the last commission the ineligibility, if any, has been removed. The order of the defendant recusing himself directs the Parish Judge to try the case, but names H. A. Drew as that official, and adds : " He refuses to do so." The order is directed to the " Parish Judge," and the person acting under that order in the capacity of Parish Judge will be presumed to be the proper officer. We think the exceptions were properly overruled.

The ruling of the court was also correct in rejecting the written opinion of the defendant rendered on declining to recognize N. J. Scott as judge, at the time of making the order of recusation.

The petition charges that the defendant unlawfully holds the office of District Judge of the Eleventh Judicial District, and makes the following allegations: .

That anterior to the late rebellion, the defendant held, in the State of Georgia, and under the constitution and laws, the several offices of State Solicitor, District Attorney and member of the State Legislature, and, in order to hold those offices, took an oath to support the constitution of the United States, and afterwards voluntarily engaged in rebellion against the United States, in aid of the so-called Confederate States ; that the disabilities thereby incurred by virtue of the third

section of the fourteenth amendment to the constitution of the United States have not been removed ; that defendant is not learned in the law, as required by article 83 of the constitution of 1868 ; that defendant has not practiced law for the space of two years next preceding his appointment to said office, as required by article 84 of the constitution of 1868 ; that there was no vacancy in the office at the time of his appointment to it.

To establish the first allegation, the plaintiff introduced the law of Georgia, approved twenty-eighth of January, 1822, making it obligatory upon all officers, civil and military, in the State, to take an oath to support the constitution of the State and of the United States. The testimony of a witness who had served in the Georgia Legislature as a member of that body, at the same time that the defendant was also a member, proves the same fact of the requirement to take an oath to support the constitution. He testifies to having taken the oath himself, as a member of the Legislature of Georgia. It is fully established that, during the rebellion, the defendant went into its support in command of a company of soldiers. The facts shown abundantly justify the strong presumption that, as a member of the Georgia Legislature, prior to the rebellion, the defendant took an oath to support the constitution of the United States. Nothing is offered to rebut this presumption, and no reasonable doubt of the fact remains. Our view of this case renders it unnecessary to examine the evidence offered to sustain the other allegations, and we are satisfied that the judgment of the court *a qua* is correct.

It is therefore ordered, adjudged and decreed that the judgment of the lower court be affirmed, with costs in both courts.

Chief Justice Ludeling and Justice Howell absent.