No. 5055.

NEW ORLEANS CANAL AND BANKING COMPANY *v.* LINN TANNER, Administrator.

26 273
51 1406

26 273
e1091083

Two of the mortgage notes of the defendant, held by the bank, plaintiff in this case, were about to prescribe, when, in order to avert this loss and to recover the claim, the attorney for the bank presented the petition to the person in possession of the office of clerk of the court and acting as such, and caused due process to issue. This was sufficient to interrupt prescription.

The clerk was a *de facto* officer and his official acts were valid, however indifferent his title to the office.

APPEAL from the Ninth Judicial District Court, parish of Rapides. *Orsborn*, J. *Manning*, for plaintiff and appellant. *James O. White*, for defendant and appellee.

WYLY, J. The plaintiff sues on five promissory notes of Esther P.

18

Tanner, deceased, whose succession is represented by the defendant,. and also to foreclose the mortgage securing their payment. The defense is prescription. There is no doubt that the first note, payable on the fifteenth December, 1867, is prescribed. As to this there is no controversy. The dispute is as to the next two notes, maturing twenty-second February, 1868.

It is not pretended that the last two notes, maturing twenty-second February, 1869, are prescribed.

On the twenty-fourth February, 1873, the day before prescription would accrue on the two notes about which there is a controversy, the plaintiff caused a citation to be served on the defendant. The copy of the petition and the citation, however, were signed by S. A. Ballio, as clerk, holding a commission from Governor Warmoth, of date fourth December, 1872. Ballio was at the time in possession of the clerk's office, together with the records, papers and seal of said office. The seal of the court was affixed to the citation. The controversy is as to the validity of the official acts of Ballio in regard to the plaintiff and the public, who have dealt with him in that capacity.

There is no dispute as to the validity of the official acts of the sheriff.

The defendant contends that Hastmyer, holding commission under Acting Governor Pinchback, was the legal clerk; that Ballio was a usurper and all his official acts are absolute nullities. As before remarked Ballio was, at the time of the citation, the acting clerk in possession of the office, the seal and all the books and papers. He had been for more than a month before and he continued to be acting clerk for several months after the citation in question issued.

After the present clerk O. K. Hawley was appointed by Governor Kellogg and got possession of the clerks' office, the plaintiff caused new process to be issued by him and upon this the case was tried.

The process issued by Ballio is relied on by plaintiff as sufficient to interrupt prescription. And we think it had the effect contended for by the plaintiff.

Two of the mortgaged notes of the defendant, held by the bank were about to prescribe. In order to avert this loss and to recover on the claim the attorney for the bank presented the petition to the person in possession of the office and acting as clerk and caused the process to be issued. He was a *de facto* officer and his official acts were valid, however indifferent his title to the office might be.. 3 An. 631; 10 An. 524; 13 An. 404; 13 An. 607; 22 An. 33; 15 Mass. 171, 183; 9 Johnson 135; 16 Peters 71.

It is therefore ordered that the judgment in favor of the plaintiff for the amount only of the last two notes be amended so as to embrace the

amount of the other two notes maturing twenty-second of February, 1868, one for six hundred and the other for seven hundred dollars, both bearing eight per cent. interest from the twenty-second February 1867, together with recognition of mortgage for said amounts, and as thus amended it is ordered that the judgment be affirmed, appellee paying costs of appeal.

Rehearing refused