## No. 1092.

### A. D. GUILBEAU vs. JULIE CORMIER, ADMINISTRATRIX.

The acts of a judge *ad hoc*, appointed under the law which provides for such appointments, are valid and binding, like those of other *de facto* officers; and the qualifications of such a judge *ad hoc* cannot be enquired into collaterally.

APPEAL from the Twenty-Fifth Judicial District Court, parish of Lafayette. *Mouton, J.*

---

John Clegg for Plaintiff and Appellee.

M. E. Girard for Defendant and Appellant.

---

The opinion of the Court was delivered by

POCHÉ, J. In the suit entitled Julie Cormier, administratrix, vs. Alexander Guilbeau, in the District Court of Lafayette parish, at the April term of the year 1871, Judge Mouton, having recused himself, appointed as judge *ad hoc* Conrad Debaillon, Esq., who had been admitted to practice as an attorney-at-law by this Court in June, 1870, or less than two years before the time of his appointment as judge *ad hoc*.

The object of this suit is to annul the judgment rendered and signed by the judge *ad hoc* on the 25th April, 1871, on the ground that

Deballion having not the qualifications required for a district judge at the time of his appointment the same was illegal and null, and the judgment rendered by him also a nullity.

The judgment of the lower court was in favor of plaintiff, annulling the judgment rendered by the judge *ad hoc*, and defendant appeals.

She urges that the inquiry in the qualification of the judge *ad hoc* comes too late after judgment, and that the objection for want of capacity or eligibility of the judge *ad hoc* should have been urged before going to trial.

It is a well-settled rule of jurisprudence that acts performed by *de facto* officers have binding effect when the power of appointing, or the act of appointment, was not in violation of the Constitution or laws of the State.

The district judge had the unquestioned power to appoint a judge *ad hoc* to try the cause ; and his error consisted in selecting an attorney who did not possess *all* the qualifications presented by the Constitution. Does it follow that the acts performed by the appointee are absolutely null?

Public policy has dictated a different ruling, which has been uniformly adopted by our courts.   26 A. 274, and cases there cited ; 22 A. 629.

In the case of Braughn, 27 A. 563, this Court held that the Judge of the Superior Criminal Court had no authority in law to appoint any one without reference to his personal, professional, or specific qualifications, as judge *ad hoc* of his court, during his illness or absence, and that the appointment having been made in violation of the Constitution it was absolutely null and void, and could have no legal effect.

The qualifications of the appointee were not at issue in that case, but the question turned upon the very foundation or essence of the right to appoint in the premises.

In this case the issue is exclusively as to the qualifications of the appointee, who, in this light, stands in the attitude of a party elected or appointed as district judge, who should lack some of the essential qualifications for the office, but whose acts are binding until his ineligibility is judicially ascertained and the office declared vacant according to law.

It is therefore ordered, adjudged, and decreed that the judgment of the lower court be annulled, avoided, and reversed, and that plaintiff's action for the nullity of the judgment rendered on April 25th, 1871, in the suit of Julie Cormier, administratrix, vs. Alexander Guilbeau, be rejected and dismissed at his costs in both courts.