The opinion of the court was delivered by
Nicholas, C. J.
The defendant, charged with having violated an Ordinance of the City of New Orleans, was tried in the First Recorder’s Court of that City, found guilty and sentenced to pay a fine of twenty-five dollars, or, in default of payment of said fine, to imprisonment in the parish prison for the term of thirty days. The trial was conducted before and the judgment rendered and signed by Samuel Levy, signing himself acting judge of the First Recorder’s Court of New Orleans. The defendant has appealed.
The affidavit on which he was arrested charges “ that on the 16th day of October, 1893, at about — o’clock —. M., on Baronne street, between Gravier and Union streets, in this District and City, one tobe pointed out, did then and there violate Ordinance No. 92, C. S., relative to illegal lottery tickets, by cashing or paying a prize supposed to be drawn by a ticket of an illegal lottery company,” wherefore deponent charges the accused with violating Ordinance No. 92, O. S., and prays that he be arrested and dealt with according to law.
The affidavit was taken before T. R. Adams, signing as Assistant Recorder.
Before trial defendant pleaded (1) “That Samuel Levy, a resident ■of the Fifth District of the City of New Orleans is not competent to sit and act as a Recorder pro tem. in and for the First Recorder’s Court for the City of New Orleans; (2) Because the affidavit sets out no offence known to the law.”
The Court overruled these pleas, and defendant excepted to the ruling.
*909 ■Ordinance No. 92 referred to is as follows:
■ 1. That it shall be unlawful for any person'or persons to sell, barter, exchange or otherwise dispose of any lottery ticket, or token, policy, combination, device, or certificate, or fractional part thereof, in any lottery drawn, or to be drawn in or out of the city of New Orleans, unless the same be duly authorized by the laws of the State of Louisiana.
2. That any person or persons violating the provisions of this ordinance shall, upon conviction before the Recorder within whose jurisdiction the offence was committed, be condemned by said Recorder to pay a fine of twenty-five dollars for each offence, and, in default of payment, to imprisonment for not less than twenty nor more than thirty days.
In the judgment appealed from it is declared that “ considering the evidence adduced and the provisions of Ordinance No. 92, O. S., the Court adjudges the said Dasylva Courcier to be guilty'of having, on the 16tb of October, 1893, on Baronne street between Gravier and Union streets, violated Ordinance No. 92 relative to illegal Tottery tickets, by cashing or paying a prize supposed to be drawn by a ticket of an illegal lottery company.”
Defendant urges upon us that we should reverse the judgment for the reason that Samuel Levy, who presided at the trial, was not competent to sit and act as a Recorder pro fern, in and for the First Recorder’s Oourt for the City of New Orleans, he being a resident of the Fifth District of the City of New Orleans. -
Assuming this exception to be well founded in law and fact, we would not be authorized in this proceeding to so declare. This case is before us on appeal, not generally, but on the special restricted issue of “ the constitutionality and legality of the fine, forfeiture or penalty of a municipal corporation.’? We can not extend our inquiries beyond that issue. This Court reversed the judgment of the-District Court in two criminal cases — State vs. Philips, 27 An. 663, and State vs. Fritz, Id. 689 — upon an assignment of error involving the competency of the person who presided as judge on the trial of those cases, but the Supreme Court had full -and complete appellate jurisdiction over them for all purposes.
Defendant next contends that the judgment should be reversed for the reason that the affidavit on which he was tried sets out no offence known to the law, but that, if the ordinance was intended to *910 and did, as a matter of law, by implication prohibit the act complained of against the defendant, in that respect the ordinance was null and void, for the reason that the purpose of the Common Council was not disclosed by the prohibitions of the ordinance, and that the object of the ordinance was not set forth either in the title or in its enacting clause, and that therefore defendant was deprived of his constitutional right to be informed of the nature and cause of the accusation against him.
This sainé objection was interposed in the Recorder’s Court, after the case was tried but before judgment was rendered therein.
In the brief for the prosecution the title of the ordinance is said to be “An ordinance for the purpose of carrying out the provisions contained in paragraph 12 of Sec. 8 of the present City Charter,” though the copy in the record is headed ‘1 Unlawful Sales of Lottery Tickets.” Whether it be one or'the other, we think the objection which defendant contingently raises as to the title not well founded. We know of no law extending the provisions of Art. 29 of the Constitution so. as to make them cover municipal ordinances.
We do not think that the questions which the defendant seeks to have this court pass upon can, as presented to it in this case, be adjudicated upon.
The affidavit charges the defendant with having violated Ordinance No. 92, C. S., and accompanies or bases the charge upon specifications set out. -.The sufficiency of the affidavit is not before us. As matters stand, the complaint of the defendant is not that the ordinance itself is' illegal or unconstitutional, but that the Recorder has made the ordinance apply to a case outside of the terms thereof and not covered by it. In other words, that under the charge as made and under the evidence as received the judge has sentenced him, not under an illegal ordinance, but without the authority really of any ordinance of the city at all, and therefore without warrant of law. If this be true, defendant was not without remedy, but the remedy was not by appeal in the respects we have just been alluding to, as has been attempted here. There being no question before us within our appellate jurisdiction, the appeal is dismissed.