(64 South. 476.)

(No. 20,498.)

PONDER v. BOONE et al.

(March 3, 1914.)

*(Syllabus by the Court.)*

On Motion to Dismiss.

1. ELECTIONS (§ 154*) — NOMINATION — CONTEST—DISMISSAL OF APPEAL.

An appeal in a contest over a party nomination will not be dismissed, on the suggestion that the defendant has since been elected to the office.

[Ed. Note.—For other cases, see Elections, Cent. Dig. § 136; Dec. Dig. § 154.*]

On the Merits.

2. JUDGES (§ 51*)—DISQUALIFICATION—RIGHT TO OBJECT.

Where the presiding judge was duly elected, commissioned, and qualified, his right to sit in the cause cannot be questioned by the defendant on the ground that the judge had forfeited his office by his removal from the district.

[Ed. Note.—For other cases, see Judges, Cent. Dig. §§ 224–231; Dec. Dig. § 51.*]

3. PROCESS (§ 157*) — ORDER FOR CITATION — VALIDITY—EVIDENCE.

Where the clerk of the court, on affidavit of the absence of the judge from the district, ordered a citation to issue to the defendant, such order will not be set aside on doubtful evidence of the presence of the judge in his district at the particular time of day the order was signed.

[Ed. Note.—For other cases, see Process, Cent. Dig. §§ 212–217; Dec. Dig. § 157.*]

4. ELECTIONS (§ 154*)—PRIMARY ELECTION—INJUNCTION.

An injunction will not lie against the promulgation and certification of the returns of a primary election.

[Ed. Note.—For other cases, see Elections, Cent. Dig. § 136; Dec. Dig. § 154.*]

5. COSTS (§ 241*)—APPORTIONMENT—PRIMARY ELECTION CONTEST.

Where the contestant and contestee concede the nullity of the primary election in dispute, the Supreme Court will order that each party shall pay his own costs.

[Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 927–935; Dec. Dig. § 241.*]

Appeal from Twelfth Judicial District Court, Parish of Sabine; James G. Palmer, Judge.

Action by Silas D. Ponder against J. H. Boone and others. From a judgment for plaintiff, defendants appeal. Affirmed in part, and reversed in part.

F. A. Middleton, of New Orleans, Liverman & Pollock, of Mansfield, Stewart, Powell & Ferguson, of De Ridder, for appellants. J. H. Boone, of Many, in pro. per., Hardin & Atkinson, and S. I. Foster, all of Leesville, C. W. Elam, of Mansfield, and S. D. Ponder, of Many, for appellee.

LAND, J. The case is stated in appellants' brief as follows:

"Silas D. Ponder and John H. Boone were candidates for the Democratic nomination for judge in the Twelfth judicial district; the primary election was held on February 10, 1914, and thereafter, the Judicial Executive Committee of the Democratic party met, compiled the returns, and declared John H. Boone the nominee, he having received one vote more than Silas D. Ponder.

"On February 16th Silas D. Ponder filed a petition under Act 198 of 1912, contesting the nomination of John H. Boone, and praying that he, Ponder, be declared to be the nominee instead of John H. Boone. This petition sets forth, that by reason of certain illegal votes, cast in various precincts, for John H. Boone, the said Boone, although apparently receiving a majority of the votes, did not receive the majority of the legal votes cast at said election, and that he, Ponder, having received a majority of the legal votes, is entitled to the nomination. Coupled with this petition was a prayer for injunction against the chairman and secretary of the Democratic Executive Judicial Committee, restraining them from certifying to the Secretary of State the name of John H. Boone as the nominee, and restraining John H. Boone from doing anything towards having his name placed upon the official ballot as such nominee.

"Subsequently, to wit, on February 17th, more than two days after the promulgation of the result of said election, Ponder filed a supplemental petition setting forth several causes of complaint, and again praying that he be declared to be the nominee of the party. On February 19th, more than five days after the final promulgation of the result of said primary election, Ponder filed another supplemental and amended petition, setting forth that all the ballots used in said primary election were of the same kind and character, and praying to be declared to be the nominee, but in the event the Court should hold that he was not the nominee, and did not receive the majority of the legal votes cast, then that the entire election be declared to be null and void.

"John H. Boone, on February 21st, appeared at court, in accordance with the original citation, and made answer to the suit of Ponder, as follows:

"(1) He excepted to the right of Hon. James G. Palmer to try this case, for the reason that the said Palmer had ceased to be the judge of the Twelfth judicial district, having resigned and removed permanently from the district, thereby forfeiting his office under article 210 of the Constitution, and prayed that Hon. James G. Palmer recuse himself for the trial of the exception.

"(2) That no valid citation or order to appear and answer the original petition of plaintiff had been granted; that the said order was signed by the clerk of court for the parish of Sabine, although Hon. Jas. G. Palmer was, upon the day and hour at which said order was signed, within the physical limits of the Twelfth judicial district, to wit, in the parish of De Soto.

"(3) That no order at all was granted permitting the filing of the supplemental and amended petitions of February 17th and 19th; that defendant was entitled to five days after the service of the supplemental and amended petitions in which to answer, and could not be compelled to go to trial on February 21st on the matter of the supplemental petitions.

"(4) That the petition of plaintiff, together with the supplemental petitions, disclosed no cause or right of action. Reserving the full benefit of these exceptions defendant answered that the primary election had on February 10, 1914, was illegal, null, and void, because the tickets used in said election were not printed by the proper authority, to wit, the Secretary of State, did not bear his official certificate, did not contain perforated slips numbered in large numerals, as required by law, and had not been furnished and prepared by the Secretary of State, that said tickets used in said election did not substantially comply with the requirements of Act 198 of 1912, and that all the ballots used in said primary election, being of the same character, were void for all purposes, and should not have been received, deposited, or counted by the commissioner of the election."

Plaintiff moved for judgment on the face of the answer, and thereupon the court decreed the primary election to be null and void, and perpetuated the injunction to the extent of prohibiting the name of the defendant on the official ballots as the Democratic nominee. The defendant appealed.

### On Motion to Dismiss.

[1] Plaintiff and appellee has moved to dismiss the appeal on the following grounds: That the appeal herein was lodged in this court on February 25, 1914; that neither the name of the appellee nor of the appellant appeared on the ballots used in the regular election of February 24, 1914, but that the names of the parties hereto were written on said ballots, that the defendant, John H. Boone, received a majority of the votes cast, and is therefore the judge elect, and that the only remaining question to decide is one of costs. Wherefore the appellee prays that the appeal be dismissed, or that the case be remanded to the trial court to the end that

such facts may be shown, and hereafter presented to this court.

The motion to dismiss is supported by the affidavit of the plaintiff and appellee.

The suit was primarily a contest for the Democratic nomination of district judge for the Twelfth judicial district. When the defendant set up the nullity of the election, the plaintiff, by moving for judgment on the admission, abandoned all claims to the nomination, but held onto the injunction against the chairman and secretary of the Democratic Executive Judicial Committee.

Defendant, however, made the admission of the nullity of the election in his answer, but subject to the reservation of the benefit of his prior motions and exceptions, which the court had overruled, thus forcing the defendant to answer to the merits. What has taken place since defendant's appeal was perfected cannot affect his legal right to a hearing on the record as made up. The motion to dismiss is therefore overruled.

[2] Defendant excepted to the right of Hon. James G. Palmer to preside, on the ground that he had resigned and removed permanently from the district, thereby forfeiting his office under article 210 of the Constitution. Judge Palmer was the duly elected and commissioned judge of the district, and was in fact presiding on the bench when defendant's exception was filed.

"He was a de facto officer, and his official acts were valid, however indifferent his title to the office might be." N. O. Canal Banking Co. v. Tanner, Adm'r, 26 La. Ann. 274, and authorities there cited.

See, also, Guilbeau v. Cormier, 32 La. Ann. 930. We may add that the evidence of the alleged removal is unsatisfactory.

[3] The exception that the clerk had no authority to sign the order for citation because the judge was *present* in the district is not supported by sufficient proof. The clerk testified that he signed the order on February 16, 1914, somewhere between 10 and 11 o'clock. The judge came down from Shreveport by rail on the same morning, but could not state the exact time he came into his district, but judged it was something between 9 and 10 o'clock. It is doubtful whether a judge speeding on a railroad train is *present*, for the purpose of the discharge of his duties, the *moment* he enters his district in such a manner.

The objections to the supplemental and amended petitions as not filed in time are without force. Amendments are largely in the discretion of the court.

[4] The exception of no cause of action has no merit.

The motion to dissolve the injunction should have been sustained, and plaintiff condemned to pay the costs of the same, and whatever rights the defendant has to recover attorney fees should have been reserved.

Under section 6 of Act No. 198, p. 392, of 1912, plaintiff's remedy was restricted to a contest of the primary election. The said section contains the following provisions:

"No contest shall be entertained unless brought within two days after the official promulgation of the result of the election. If from any cause, a final judgment is not obtained before the date of a second primary or of the general election and the final decision of the court should be that the contestant's name should have appeared upon the ticket in such second primary or general election, whereas the contestees appeared in fact; then, and in that event the subsequent nomination and election of such contestees shall be treated as a nullity."

It is obvious that an injunction against the promulgation or certification of the result of a primary election was never contemplated by the lawmakers, as such an interference would block the machinery provided for determining the result of such election, and would render the provisions of the statute in favor of the party nominee nugatory. The plain intent of the primary laws is that the nominee on the face of the returns, as canvassed, compiled and promulgated by the party committee, shall have all the legal ben-

efits of the nomination until the courts decide that some other candidate was nominated.

The judgment below is correct in so far as it decreed the nullity of the primary election in question.

[5] The question of what properly constitutes taxed costs in this case is not before us.

We think, however, that as the result on the merits was against both parties as to the nomination, each party should pay his own costs.

It is therefore ordered that the judgment below be affirmed in so far as it decreed the primary election in question to have been a nullity, and that in all other respects said judgment be annulled, avoided, and reversed.

And it is further ordered, adjudged, and decreed that the injunction sued out by the plaintiff be dissolved at his cost, and that whatever right the defendant may have to recover attorney fees for the dissolution thereof be reserved.

And it is finally ordered that the plaintiff and the defendant each pay his own costs in the main suit, to be taxed according to law, and that the plaintiff and appellee pay costs of this appeal.

PROVOSTY, J., being absent on account of illness, takes no part.