(91 South. 62)

No. 25046.

## STATE v. PETER.

### In re PETER.

(Jan. 30, 1922.)

*(Syllabus by Editorial Staff.)*

Judges ⬅29—Judge of criminal district court may not preside in juvenile court for the parish of Orleans to fill a vacancy caused by death.

Under Const. 1921, art. 7, § 96, providing that until changed the juvenile court for the parish of Orleans shall remain as before the adoption of the Constitution, and Act No. 126 of 1921, § 1, providing that the juvenile court shall be in session throughout the year, but the judge shall have a vacation of one month, and in the absence or recusation of the judge of the juvenile court, it shall be presided over by a judge of the criminal district court, a judge of the criminal district court may not preside over the juvenile court to fill a vacancy caused by the death of its judge.

St. Paul, J., dissenting.

Application by F. H. Peter for a writ of prohibition to a judge of the Criminal District Court to prohibit him from assuming

jurisdiction as Judge of the Juvenile Court for the Parish of Orleans in the case entitled State of Louisiana v. F. H. Peter, of that court. · Writ granted.

Arthur Landry, of New Orleans, for relator.

Walter S. Lewis, of New Orleans, for respondent.

BAKER, J.  Relator was convicted in the juvenile court for neglecting to support his wife and was ordered to pay her alimony. Thereafter, the judge of the juvenile court having died, relator was ordered by a judge of the criminal district court, presiding as judge of the juvenile court, to show cause why the alimony should not be increased. Relator pleaded to the jurisdiction of the judge to preside as judge of the juvenile court, and, his plea having been overruled, he prays for a writ of prohibition.

The only question submitted is whether a judge of the criminal district court for the parish of Orleans has authority to preside as judge· of the juvenile court during a vacancy in the office of judge of that court.

Section 1 of article 118 of the Constitution of 1913, embodying certain amendments which had been made to the Constitution of 1898, contained this provision with regard to the juvenile court for the parish of Orleans, viz.:

"The juvenile court shall be in continuous session throughout the year, provided that the judge shall be entitled to a vacation of one month, and that in case of his absence or recusation, the Court shall be presided over by one of the judges of the criminal district court."

In section 96 of article 7 of the Constitution of 1921, referring to the juvenile court for the parish of Orleans, was embodied this provision:

"Until otherwise provided by the Legislature, the jurisdiction of said court, the manner of prosecution therein, its officers, and everything else pertaining to it, except as may be otherwise provided herein, shall remain as fixed and provided immediately prior to the adoption of this Constitution."

In section 1 of the Act 126 of 1921, the Legislature re-enacted the provisions quoted from section 1 of article 118 of the Constitution of 1913, declaring that the juvenile court shall be in continuous session throughout the year, that the judge shall be entitled to a vacation of one month, and that, during his absence or recusation, the court shall be presided over by one of the judges of the criminal district court. That is the only authority cited by the respondent, judge of the criminal district court, for presiding as judge of the juvenile court; and it is, in terms, restricted to the occasions of absence or recusation of the judge of the juvenile court.

There is no authority in the Constitution or statutes for a judge of the criminal district court to preside over the juvenile court during a vacancy caused by death or otherwise.  It was decided, In re Perez, 146 La. 373, 83 South. 657, that the authority granted by article 112 of the Constitution of 1898, for the Supreme Court to assign a district judge to hold court in the district of another judge, when that other judge was "prevented by disability or any other cause whatever, from holding his court," did not give the Supreme Court authority to make such assignment in case of a vacancy caused by death. There is a marked distinction between the authority of an officer to perform the duties of another officer during his temporary disability, because of his absence or for other such cause, and the authority to fill a vacancy caused by death or otherwise.

It is argued on behalf of respondent that the requirement of the law, that "the juvenile court shall be in continuous session throughout the year," shows that the intention of the lawmaker was to avoid the possibility of an interregnum occurring by the death, resignation, or removal from office of the judge of the juvenile court. If the expression quoted stood alone, it would be too

general in its terms to confer authority for filling a vacancy in the office referred to; and, when we consider the context of the sentence of which the expression forms a part, there is no doubt that it means merely that the juvenile court shall not close its session, as other courts do, during the vacation allowed the judge, and that, to maintain the continuous session of the juvenile court, one of the judges of the criminal district court must serve as judge of the juvenile court during the absence or recusation of the judge of that court.

It is argued on behalf of respondent that one who is dead is, in truth, absent, as is illustrated by the custom, at banquets and in lodge ceremonials, of eulogizing deceased members of the fraternity as the "absent" members. Such metaphors however eloquent in oratory, have no place in judicial decrees. To say that a statutory provision for a public officer to perform the duties of another officer "in case of his absence or recusation" provides for the filling of a vacancy caused by death or otherwise would do violence to the plain and simple meaning of the law; and it would perhaps upset many other provisions of the law for filling vacancies in public offices. We are not aware of any precedent for holding that the word "absence," in the sense in which it is used in the statute before us, means or includes "death." On the contrary, we find in 1 C. J. 344, under the heading "Absence," decisions maintaining the simple statement: "One who is dead is not absent."

Respondent does not plead, on the theory of his holding the office under color of title, that relator has no right to question his authority or jurisdiction except by direct action. If the plea were made, it would perhaps be answered by a reference to a ruling of this court in State v. Phillips, 27 La. Ann. 663, and in State v. Fritz, 27 La. Ann. 689; which rulings were cited with approval in Guilbeau v. Cormier, 32 La. Ann. 930, and in State v. Courcier, 46 La. Ann. 907, 15 South. 360, and in State v. Sadler, 51 La. Ann. 1409, 26 South. 390. In Phillips' Case, and in Fritz's Case, the court maintained the right of the defendants, in criminal prosecutions, to dispute the authority of the judge ad hoc, on the ground that the statutes purporting to authorize the judge of the superior criminal court to appoint a judge ad hoc, when the judge who held the office was unable to perform his duties by reason of serious illness, was unconstitutional, because, inasmuch as the Constitution (article 90 of the Constitution of 1868) had authorized the appointment of a judge ad hoc in the specified case of a judge's being recused, the inference was that the appointment of a judge ad hoc could not be made under other circumstances, or for any other cause.

We are not unmindful—in fact, we are forcibly reminded—that our finding that the Legislature has not provided against this occurrence of a temporary vacancy in the office of judge of the juvenile court may cause serious inconvenience in the administration of justice; but we must write the law as we read and interpret it, according to the best of our ability and understanding; and that is, in this instance, that a judge of the criminal district court has no authority to preside as judge of the juvenile court during a temporary vacancy in the office.

It is ordered that the respondent, judge of the criminal district court, be and he is hereby prohibited from assuming jurisdiction, as judge of the juvenile court, in the case entitled State of Louisiana v. F. H. Peter, No. 25022 of the docket of that court.

ST. PAUL, J. I respectfully dissent. The Constitution does not intend that the juvenile court, or any other court composed of a single judge, should upon the death of said judge *cease functioning entirely*. For it is of the essence of government that it should *at all times* be capable of functioning in *all* of its departments. There must therefore be

somewhere in the Constitution, or in the law, expressed or implied, some authority in some one to act as judge of such court in case of emergency.

The Supreme Court of North Carolina found that the death of a judge from natural causes was *an unavoidable accident* within the meaning of a constitutional provision giving the Governor, in case of an unavoidable accident to a judge, power to assign another judge to hold court in lieu of the one unable to preside; even during the time which might elapse whilst the Governor was deliberating whom he should select as a permanent successor to the deceased judge. State v. Lewis, 107 N. C. 967, 12 S. E. 457, 13 S. E. 247, 11 L. R. A. 105. And doubtless other authorities to the same effect could be found, had I time to search for them.

I can therefore see no reason why, in the interest of the public service, this court should not hold that a deceased judge is an *absent* judge.

I willingly grant that such a holding might smack somewhat of *authority* rather than of legal learning; but not every exercise of doubtful authority constitutes usurpation. In this case the necessity for some relief is glaring, whilst the power to grant it resides, apparently, nowhere else than in this court; and that power may well be exercised to further, rather than impede, the administration of justice. Such exercise of power, I feel sure, would shock no one in this instance.