No. 6694

First Circuit

SHIELDS v. TOWN OF LEESVILLE

(June 28, 1927. Opinion and Decree.)

(*Syllabus by the Editor.*)

1. **Louisiana Digest—Office and Officer—
—Par. 60; Parties—Par. 24.**
The right to office cannot be called in question in a suit in which the party returned as elected to the office and who is in possession and exercising the duties of the office is not a party to the suit.

Appeal from the District Court, Parish of Vernon. Hon. Hal A. Burgess, Judge.

Action by Belmont L. Shields against the Town of Leesville.

There was judgment for respondent, Town of Leesville, and relator appealed.

Judgment affirmed.

Ferguson & Newman, of Leesville, attorneys for relator, appellant.

A. B. Cavanaugh, of Leesville, attorney for respondent, Town of Leesville, appellee.

ELLIOTT, J. This case was argued and submitted together with a motion to dismiss, on the ground that appellee had not been cited. As citation was prayed for, the case was remanded in order that it might be served, if it had not been done. The record has been returned and shows service and as no further objection appears we proceed to consider the appeal.

Belmont L. Shields brought a mandamus suit against the town of Leesville, the object of which was to compel the town to recognize him as its official printer with the Leesville Leader as its official journal. He alleges that he was selected as town printer in 1921 and continued in office from year to year until December, 1926, when the town council accepted a bid from the Star Press. That since then the town has been having its official business published in that paper. That the law provides that town councils must elect a printer at their first meeting in July. That the town council did not elect a printer at their first meeting in July; that therefore it cannot be regarded as having been done in December. That the bid of the Star Press received in December was therefore illegal, null and void and of no effect. That he therefore remained in office as town printer with the Leesville Leader as its official journal; that the town having recognized him as its official printer in the past with the Leesville Leader as its official journal, that it was thereby estopped from denying his capacity and that of the Leesville Leader as official journal; that he is also a tax payer in the town and that the town has no right to expend money as it was attempting to do for the purpose of paying another paper to do the town printing, such payment being contrary to the law and to its contract with the relator. He prays that the town be enjoined from paying the other paper for doing the town printing; that he be recognized as the town's official printer and the town compelled to do so, with the Leesville Leader as official journal.

The town of Leesville appeared in response to the rule to show cause and for answer alleged the election of J. A. Laurant as the town's official printer

on December 15, 1926, and that he had designated the Star Press as the town's official journal; that said election was valid; that Laurant not having been made a party to the suit, that the injunction prayed for could not issue. It denied that relator had ever been elected the town's official printer. There was judgment in the lower court rejecting relator's demand and he appealed. The trial judge assigned written reasons for his judgment, one of them being that the printer shown to have been elected as alleged by respondent had not been made a party to the suit. Relator's averment that he was selected as the town's official printer in 1921 is not sustained by the evidence. The evidence shows that he had been acting as the town's official printer with the Leesville Leader as its official journal for five or six years, previous to the time mentioned and was recognized by the town council as the town's official printer with the Leesville Leader as its official journal and was paid as such; but the evidence does not show that he was ever elected such. The law, Act 141 of 1912, Section 22, (Amd. Act 134 of 1920) provide: "That towns, annually at their first meeting in July, shall select a municipal printer," etc. The record shows that at a meeting of the town council on December 15, 1926, they elected J. A. Laurant as the town's official printer and that he designated the Star Press as the town's official journal. Relator contends that as the town council did not elect a printer at their first meeting in July, that none can be regarded as having been elected in December. That the election in December at which Laurant was elected was illegal, null and void and of no effect. That relator having been theretofore the recognized offi-

cial printer of the town, as no election was held at the first meeting of the council in July, that he is entitled to continued recognition as such, with the Leesville Leader as official journal. Relator''s suit is an attack on the validity of the election of a town printer under the law cited. The eligibility of Laurant and of the Star Press is not questioned. The law requires that the proceedings of the town councils must be published in a paper in the parish, if there be one. The effect of the election and the action of the town council in recognizing Laurant as the town's official printer and the Star Press as the town's official journal confers on him the color of right and title to the office in question and the status of de facto official town printer and the Star Press as de facto, official town journal until otherwise decreed. We can not pass on the validity of the council's action on December 15, 1926, in this proceeding for the reason that J. A. Laurant, the party returned as having been elected the town's official printer at that time is not a party to the suit. The right to office cannot be called in question in a suit in which the party returned as elected to the office and who is in possession and exercising the duties of the office is not a party to the suit.

State vs. Gilbert, 10 La. Ann. 524.

Maihle vs. Fournet, 13 La. Ann. 607.

State vs. Lewis, 22 La. Ann. 33.

State vs. McFarland, 25 La. Ann. 547.

New Orleans Canal & Banking Co. vs. Tanner, 26 La. Ann. 524.

Guilbeau vs. Cormier, 32 La. Ann. 930.

State vs. Sadler, 51 La. Ann. 1397, 26 South. 390.

The judgment refusing the mandamus prayed for in this proceeding was correct.

Judgment affirmed. The appellant to pay the cost in both courts.